**STATE of Tennessee, Appellee,**

v.

**Paul McCLENNON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 25, 1984.

Permission to Appeal Denied by Supreme Court April 30, 1984.

Jerry Lee Burgess, Cookeville, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, Ben Fann, Asst. Dist. Atty. Gen., Cookeville, Alan E. Foster, Asst. Dist. Atty. Gen., Livingston, for appellee.

## OPINION

TATUM, Judge.

The defendant, Paul McClennon, has appealed from a conviction of receiving stolen property with punishment fixed at not less nor more than 3 years imprisonment. He presents issue that the trial court erred in permitting an amendment of the indictment and in refusing him a continuance. We find no merit in these issues and affirm the judgment below.

We first address the issue that the trial court erred in permitting the State to amend the indictment. The defendant was convicted of violating the First Count of the indictment. That count charged the defendant with receiving specified stolen chain saws, "the goods and chattels of Joe Scott, d/b/a Joe Scott Farm Equipment Co." During voir dire examination of the jury, the State learned that Joe Scott had sold the business to Voyager Enterprises. On the State's motion, the indictment was amended to charge that the owner of the stolen chain saws was "Voyager Enterprises, d/b/a Joe Scott Farm Equipment Co."

In his brief, the defendant dwells at length on the argument that there was a material variance between the indictment, prior to amendment, and the proof. Since there was no variance in the proof and the amended indictment, we do not deem that this argument is relevant.

The question for our determination is whether the amendment was allowable pursuant to Rule 7(b), T.R.Cr.P. That rule provides in part:

> "If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches."

■ The amendment was allowed before the jury was sworn. Therefore, jeopardy had not attached. *State v. Knight,* 616 S.W.2d 593 (Tenn.1981).

■ No "additional or different offense" was charged by the amendment. The indictment after amendment charged only the same offense that was charged before amendment; that is, the receipt of five stolen chain saws, which were fully described in the indictment, both before and after amendment, by make, model and the serial number of three of them.

No substantial rights of the defendant were prejudiced by the amendment. The entity victimized by the theft was stated both before and after the amendment as "Joe Scott Farm Equipment Co." With the indictment as originally returned correctly stating the name of the company victimized, the defendant was not prejudiced in making pretrial investigation and was not surprised as to the offense for which he was charged. We hold that the court was authorized to allow the nonconsensual amendment by Rule 7(b), T.R.Cr.P.

■ The defendant next complains that the trial judge refused to grant him a continuance. On the morning of trial, he moved that new counsel be appointed for him and that the case be continued. His only complaint with his appointed counsel was that counsel had advised him to accept a plea bargain agreement which he declined. Counsel stated that the defendant would not cooperate with him after the plea

bargain recommendation was made. The trial court properly held that the defendant was not entitled to a continuance and the appointment of another attorney. *State v. Zyla*, 628 S.W.2d 39 (Tenn.Cr.App.1981).

■ No legal reason was given for the appointment of additional counsel. It was counsel's duty to recommend the plea bargain agreement if counsel thought that it was to the defendant's best interest. The fact that the defendant chose not to cooperate with competent appointed counsel does not entitle him to the appointment of other counsel. The willful refusal of a defendant to cooperate with his attorney is not imputable to either the State or defense counsel. The State had fulfilled its constitutional obligation to the defendant by appointing counsel; the Constitution does not require that the court continue to appoint additional counsel until one is appointed with whom the defendant might elect to cooperate.

■ The defendant further states that he should have been granted a continuance when the indictment was amended. As set forth above, the amendment did not charge a different offense from that charged in the original indictment. The amendment was not such as to surprise the defendant. Had the defendant or his attorney deemed that an interview with the owner of the victim company was appropriate, it was inevitable that an attempt to interview Joe Scott would reveal that Joe Scott was deceased and that Voyager Enterprises then was the owner of the company.

We do not find that the trial court abused its discretion in denying a continuance. This issue is therefore overruled. *Williams v. State*, 576 S.W.2d 766 (Tenn. Cr.App.1978).

The judgment of the trial court is affirmed.

DWYER and BYERS, JJ., concur.