*1364
 
 OPINION
 

 Per Curiam:
 

 This is an appeal from an order of the district court denying appellant’s post-conviction petition for a writ of habeas corpus.
 

 In December of 1985, appellant held his girlfriend against her will at her apartment, forced her to remove her clothing and get in the bathtub, poured alcohol in the tub, and lit it on fire. Following a successful pretrial petition for a writ of habeas corpus, appellant was released and the state presented the case to the grand jury.
 

 On May 19, 1986, the grand jury indicted appellant on one count of second degree kidnapping with use of a deadly weapon, one count of assault with a deadly weapon, one count of coercion, one count of attempted murder with use of a deadly weapon, one count of false imprisonment with use of a deadly weapon, and one count of mayhem. A bench warrant issued for appellant, who was unaware that he had been indicted.
 

 In 1989, appellant was arrested in Florida and extradited to Nevada. On November 27, 1989, appellant pleaded guilty to one count each of second degree kidnapping and battery with use of a deadly weapon. An amended indictment reflecting those charges was filed in open court. A corresponding judgment of conviction was entered, and the district court sentenced appellant to serve consecutive sentences of fifteen and ten years. Appellant did not file a direct appeal, but did file a post-conviction petition for a writ of habeas corpus. The district court denied the petition, and this appeal followed.
 

 Appellant contends that his attorney was ineffective because his attorney did not tell him that the statute of limitations had run on the charge in the amended indictment of battery with use of a deadly weapon. This contention lacks merit.
 

 The district court “may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.” NRS 173.095(1). A superseding indictment filed while the original indictment is validly pending is not barred by the statute of limitations if the new indictment does not broaden or substantially amend the original charges.
 
 See
 
 United States v. Gengo, 808 F.2d 1 (2d Cir. 1986); United States v. Friedman, 649 F.2d 199 (3d Cir. 1981). A superseding indictment charging an offense that is a lesser included offense of an offense contained in the original indictment does not broaden or substantially amend the original charges.
 
 See
 
 United States v.
 
 *1365
 
 Chagra, 638 R Supp. 1389 (W.D. Tex.),
 
 aff’d.
 
 807 F.2d 398 (5th Cir. 1986),
 
 cert.
 
 denied 484 U.S. 832 (1987); People v. McGhee, 239 Cal. Rptr. 28 (Ct. App. 1987). The same would be true of a superseding information.
 

 In this case, the battery charge was a lesser included offense of .the attempted murder charge.
 
 See
 
 Owens v. State, 100 Nev. 286, 680 P.2d 593 (1984),
 
 overruled on other grounds by
 
 Talancon v. State, 102 Nev. 294, 721 P.2d 764 (1986). Thus, the amended indictment did not expand the charges against appellant, the battery charge was not barred by the statute of limitations, and the district court did not err in concluding that appellant received effective assistance of counsel.
 
 See
 
 Hill v. Lockhart, 474 U.S. 52 (1985); Warden v. Lyons, 100 Nev. 430, 683 P.2d 504 (1984),
 
 cert. denied,
 
 471 U.S. 1004 (1985).
 

 Accordingly, we affirm the order of the district court denying appellant’s post-conviction petition for a writ of habeas corpus.