IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
January 4, 2001 Session

## STATE OF TENNESSEE v. KAI ("GUY") NIELSEN AND BETTY NIELSEN

**Appeal By Permission from the Court of Criminal Appeals**
**Criminal Court for Washington County**
**No. 21737 A & B    Arden L. Hill, Judge**

---

**No. E1998-00525-SC-R11-CD - Filed May 4, 2001**

---

We granted this appeal to determine whether a superseding indictment issued after the statute of limitations has elapsed must allege that the prosecution was timely commenced within the statutory period. After the trial court refused to dismiss the indictment, the defendants were tried and convicted of theft of property over $10,000. The Court of Criminal Appeals affirmed the convictions. After reviewing the record and applicable authority, we conclude that the superseding indictment, which was issued after the statute of limitations had elapsed, did not have to allege facts showing that the prosecution was timely commenced with a prior presentment.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

E. RILEY ANDERSON, C.J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., AND JANICE M. HOLDER, JJ., joined. WILLIAM M. BARKER, J., not participating.

Timothy S. Belisle, Johnson City, Tennessee, for the appellants, Kai and Betty Nielsen.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark E. Davidson, Assistant Attorney General; Ellen H. Pollack, Assistant Attorney General; David Crockett, District Attorney General; and Kent Garland, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 2, 1995, the defendants, Kai Nelson and Betty Nelson, were charged by presentment with theft of property over $10,000.[1] The presentment charged that on October 20 and 21, 1992, the defendants purported to sell the victims 250 shares of stock in Umecan Elevator, Inc. when the defendants had neither the authority nor the ability to sell or deliver such stock. The defendants were convicted of the charge of theft at trial, but the trial court ordered a new trial on the basis that the jury's verdict was against the weight of the evidence.

In July of 1996, the State obtained a "re-indictment" under the same docket number, which alleged that the defendants committed theft by purporting to sell an elevator dealership. The trial court denied the defendant's motion to dismiss this indictment on double jeopardy grounds. The Court of Criminal Appeals refused interlocutory review of the issue pursuant to Tenn. R. App. P. 9.

In January of 1997, while the case was pending, the State obtained a second "re-indictment" under the same docket number, which alleged one count of theft over $10,000 for purporting to sell elevator stock and one count of theft over $10,000 for purporting to sell an elevator dealership. The defendant moved to dismiss this indictment on the ground that it was filed after the statute of limitations had elapsed for the offense of theft.[2] The trial court denied the motion, and the Court of Criminal Appeals declined to grant interlocutory review of the issue. The defendants were subsequently convicted of count one, *i.e.*, theft for purporting to sell elevator stock. The Court of Criminal Appeals affirmed.

The defendant contends that the indictment issued in January of 1997 should have been dismissed because it was filed after the statute of limitations elapsed, and it did not allege facts demonstrating that the statute of limitations had been tolled for any reason. The State maintains, and the lower courts agreed, that the prosecution was timely commenced within the statute of limitations and that these "commencing" facts did not have to be alleged in the 1997 indictment. The State additionally argues that this Court should overrule any authority relied upon by the defendant that requires an indictment filed after the expiration of the statute of limitations to allege facts showing that the limitations period had been "tolled."

We granted this appeal to review these issues.


## Analysis

In Tennessee, a criminal prosecution may be commenced in one of several ways as set forth by statute:

---

[1]     See Tenn. Code Ann. § 39-14-103 (1991).

[2]     A prosecution for theft of property over $10,000, as a class C felony, must commence within four years of the alleged offense.  See Tenn. Code Ann. § 40-2-101(b)(3) (1997 & Supp. 2000).

Commencement of prosecution. – A prosecution is commenced, within the meaning of this chapter, <u>by finding an indictment or presentment</u>, the issuing of a warrant, binding over the offender, by the filing of an information . . ., or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

Tenn. Code Ann. § 40-2-104 (1997) (emphasis added).

A prosecution for a criminal offense generally must be commenced within a certain statutory period of time following the commission of the offense. <u>See</u> <u>id.</u> § 40-2-101 (1997 & Supp. 2000).[3] The purpose of a statute of limitations is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases. <u>See</u> <u>State v. Pearson</u>, 858 S.W.2d 879, 886 (Tenn. 1993).

In this case the defendants were charged with theft of property over $10,000, a class C felony, for which a prosecution must commence within four years of the alleged offense. <u>See</u> Tenn. Code Ann. § 40-2-101(b)(3) (1997 & Supp. 2000). The offense was alleged to have occurred on October 20 and 21, 1992; accordingly, the initial presentment returned in May of 1995 was timely. The "re-indictment" returned in July of 1996 was also filed within four years of the alleged offense. The final, superseding indictment was returned in January of 1997, after the four-year limitations period had elapsed. For the reasons that follow, we hold that the prosecution in this case was not barred by the statute of limitations.

In <u>State v. Messamore</u>, 937 S.W.2d 916 (Tenn. 1996), the defendant was arrested for a misdemeanor and bound over to the grand jury within the applicable one-year statute of limitations. Although the resulting indictment was not returned until after the one-year period had elapsed, it did not allege facts showing that the prosecution had been timely commenced or that the statute of limitations had been tolled for any reason. <u>Id.</u> at 917. We held that the prosecution had been timely commenced by one of the statutory methods set forth in Tenn. Code Ann. § 40-2-102 and that there was, therefore, no requirement that these "commencing" facts be specifically alleged in an indictment returned after the statute of limitations elapsed. <u>Id.</u> at 919.

As was true in <u>Messamore</u>, the prosecution in the present case was timely commenced by one of the statutory methods set forth in Tenn. Code Ann. § 40-2-102, *i.e.*, a grand jury presentment. The second charging instrument, or "re-indictment," was likewise returned within the applicable four-year statute of limitations. Under the rationale in <u>Messamore</u>, the prosecution was timely commenced and there was no requirement that the 1997 indictment allege these "commencing" facts. Other state courts have reached the same conclusion. <u>See</u> <u>Benitez v. State</u>, 904 S.W.2d 1036 (Nev.

---

[3] Offenses punishable by death or life imprisonment, however, may be prosecuted at any time after commission of the offense. Tenn. Code Ann. § 40-2-101(a) (1997 & Supp. 2000).

1995) (superseding indictment filed while the original indictment is validly pending is not barred by the statute of limitations); <u>Wooten v. State</u>, 524 S.E.2d 776 (Ga. App. 1999) (superseding indictment not barred by the statute of limitations); <u>State v. Garofalo</u>, 453 So. 2d 905 (Fla. Dist. Ct. App. 1984) (superseding indictment not barred by the statute of limitations).

The defendants argue that a re-indictment after the statute of limitations has run must allege facts showing the prosecution was timely commenced within the statutory period. They seek to distinguish the <u>Messamore</u> decision by relying upon <u>State v. Comstock</u>, 326 S.W.2d 609 (Tenn. 1959), in which this Court held that the statute of limitations barred a prosecution even though a second indictment was returned when a timely indictment was pending. We, however, distinguished <u>Comstock</u> in <u>Messamore</u>, observing that the timely indictment was later quashed and concluding that "because the only timely filed indictment had been quashed, the prosecution was barred by the statute of limitations." <u>State v. Messamore</u>, 937 S.W.2d at 919.

The defendants further argue that <u>Messamore</u> is not applicable because this case involved three separate charging instruments returned by three different grand juries. This argument, however, is not supported by the record. Each charging instrument in this case involved the same case number, the same defendants, the same victims, the same offenses, the same factual basis, and the same time period. Each charging instrument was also pending at the time a subsequent charging instrument was returned. As we have recently observed:

> The power to seek a superseding indictment lies within [the] broad discretion of the State. A superseding indictment is an indictment obtained without the dismissal of the prior indictment. . . . Where there has been no jeopardy on the first indictment, a grand jury may return a new indictment against an accused even though another indictment is pending. . . . [A] legitimate decision to bring a superseding indictment is uniquely within the State's authority. Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial.

<u>State v. Harris</u>, 33 S.W.3d 767, 771 (Tenn. 2000) (citations omitted).

Moreover, we observe that the indictment returned in January of 1997 did not substantially amend or broaden the allegations contained in the earlier presentment and indictment. As one court has observed:

> A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges. . . .

-4-

> Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.

United States v. Italiano, 894 F.2d 1280, 1282-83 (11th Cir. 1990) (citations omitted); see also Benitez v. State, 904 P.2d at 1037.

Accordingly, we conclude that this case is controlled by Messamore and that the lower courts properly concluded that the prosecution was not barred by the statute of limitations. We declined in Messamore to address the State's argument that an indictment also need not allege facts showing that the statute of limitations has been "tolled" for a specific reason. State v. Messamore, 937 S.W.2d at 918 n.2. We also decline to address it here because that issue is simply not before us. Cf. State v. Davidson, 816 S.W.2d 316 (Tenn. 1991) (indictment must specifically allege facts demonstrating that the statute of limitations was tolled due to concealment of the offense).

## Conclusion

After reviewing the record and applicable authority, we conclude that a superseding indictment issued after the statute of limitations has elapsed need not allege facts showing that the prosecution was timely commenced with a prior presentment or indictment. We therefore affirm the judgment of the Court of Criminal Appeals. Cost of the appeal are taxed to the defendants-appellants, Kai Nielson and Betty Nielson, and their surety, for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, CHIEF JUSTICE