# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### August 21, 2012 Session

## STATE OF TENNESSEE v. CARL E. PRESLEY

**Appeal from the Criminal Court for Monroe County**
**Nos. 10-286, 11-178       Carroll L. Ross, Judge**

---

**No. E2011-02526-CCA-R10-CD - Filed November 15, 2012**

---

In its appeal, the State argues that the trial court abused its discretion when it dismissed a misdemeanor vandalism charge against the defendant, Carl E. Presley, and also in ruling that it could not charge the jury on the lesser included offense of misdemeanor vandalism on the two remaining felony vandalism charges, because the statute had run as to the misdemeanor. After review, we affirm the judgment of the trial court as to the dismissal of the vandalism charge and, as to the issue regarding the lesser included offense of misdemeanor vandalism, deny the State's Rule 10 appeal as improvidently granted.

**Tenn. R. App. P. 10 Extraordinary Appeal by Permission; Judgment of the Criminal Court Affirmed in Part and Appeal Denied in Part**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Robert S. Bebb, District Attorney General; and Steven Morgan, Assistant District Attorney General, for the appellant, State of Tennessee.

Robert L. Jolley, Jr., Knoxville, Tennessee, for the appellee, Carl E. Presley.

## OPINION

## FACTS

The opinion of the Court of Criminal Appeals in this matter was filed on September, 27, 2012; and the State filed a timely petition to rehear on October 11, 2012, asserting, pursuant to Tennessee Rule of Appellate Procedure 39(a)(3), that this court overlooked or

misapprehended a material fact. We have reviewed this matter and agree that the opinion first filed in this matter should be withdrawn. It is hereby withdrawn and replaced with this opinion, which is filed with an order of this court granting the State's petition to rehear.

From the record before us, it appears that the now eighty-year-old defendant and his neighbor, Gary Frye, have been in a longstanding property dispute concerning an easement that has developed into an acrimonious relationship between the parties. See Gary W. Frye, et al. v. Carl Presley, et al., No. E2007-00510-COA-R3-CV, 2008 WL 2557372 (Tenn. Ct. App. June 27, 2008).

This court granted the State's Rule 10 appeal to consider two rulings by the Monroe County Criminal Court as to a series of criminal charges brought by Gary W. Frye, the plaintiff in the 2008 civil case, against Carl E. Presley, the defendant in that case, the charges apparently resulting from ongoing animosity between the two.

Our understanding of the convoluted path of this matter comes from piecing together various documents contained in the technical record and the transcripts of the hearing conducted by the trial court.

It appears that on October 5, 2009, Frye filed an affidavit of complaint alleging that, on September 22, 2009, the defendant tore down his property line fence, committing the offense of vandalism in the amount of $400. The following day, October 6, 2009, Frye filed an affidavit of complaint alleging that, on October 1, 2009, the defendant assaulted him by "pok[ing] his fingers (left hand) into [Frye's] chest and [drawing] his right fist back to hit [Frye]." Although Frye then "moved out of reach," the defendant 'kept his fist doubled up." Evidently, both of the criminal summons later were dismissed without prejudice.

Thereafter, on November 18, 2009, Frye filed two additional affidavits of complaint, essentially alleging the same offenses – that the defendant assaulted him on October 1, 2009, and committed vandalism on September 22, 2009, by tearing down Frye's property line fence, except that the amount of damage alleged from the vandalism increased to $698. On March 2, 2010, it appears that the defendant entered a plea of not guilty on the assault charge, and the vandalism charge was dismissed. On April 22, 2010, Frye filed another affidavit of complaint, alleging that the defendant had assaulted him that day by "raising his daughter [sic] walking stick 3 times ready to strike me, Mr. Frye[,] in the head." This charge was dismissed on May 18, 2010.

Subsequently, Frye filed a petition to appear before the Monroe County Grand Jury regarding his September 22, 2009, October 1, 2009, and April 22, 2010 claims against the defendant. The Monroe County Grand Jury returned a five-count indictment against the

defendant on August 4, 2010, in case number 10-286, charging him with two counts of assault, occurring, respectively, on October 1, 2009, and April 22, 2010; two counts of felony vandalism occurring, respectively, on September 22, 2009, and March ___, 2010; and one count of misdemeanor vandalism, occurring on September ___, 2009. All of the charges listed Frye as the victim except for the September ___, 2009 misdemeanor vandalism which listed James Bohannon as the victim. With regard to the charges pertinent in this appeal, one of the felony vandalism counts, Count 3, alleged that, on September 22, 2009, the defendant destroyed the property line fence on the north edge of Frye's property, causing damage in an amount greater than $500 but less than $1,000. The misdemeanor vandalism count, Count 4, alleged that, on some date in September 2009, the defendant removed boundary monuments or survey markers valued in an amount less than $500 from the property of James Bohannon. The other felony vandalism count, Count 5, alleged that, on some date in March 2010, the defendant destroyed, polluted, or contaminated Frye's property, causing damage in an amount greater than $500 but less than $1,000.

On November 9, 2010, the defendant filed a motion to dismiss the indictment, arguing that, because three counts of the indictment had previously been dismissed, "the information presented prejudiced the jury and their consideration of all the counts of th[e] indictment." On that same day, he also filed a motion to dismiss Counts 1 and 3 of the indictment and a motion to dismiss Count 2 of the indictment, arguing that the charges were previously dismissed on March 2, 2010 and May 18, 2010, respectively. On February 14, 2011, following a hearing on the matter, the trial court entered a judgment dismissing Count 2 of the indictment, finding that the case was previously tried in general sessions court and that jeopardy had attached.

The next action on the case occurred on April 6, 2011, when the Monroe County Grand Jury issued an indictment in case number 11-178, charging the defendant with three counts of vandalism, two felony and one misdemeanor, exactly as had the indictment in case number 10-286 except, this time, all counts listed Gary Frye as the victim.

On April 18, 2011, the trial court entered an order dismissing case number 10-286 without prejudice upon the State's motion "to dismiss this cause due to deficiencies in the indictment[.]" In judgment sheets filed that same day, the court ruled that the charges in the first indictment were dismissed and that the grand jury had issued a superseding indictment.

On May 2, 2011, the defendant filed a motion to dismiss the misdemeanor vandalism charge in Count 2 of the new indictment on the ground that it was filed outside the one-year statute of limitations. On August 15, 2011, the State responded that the charge was not time-barred because the defendant had previously been indicted for the same offense within the limitations period and that the superseding indictment merely corrected a clerical error in the

3

first indictment of the wrong victim's name.

The parties presented arguments regarding their respective motions at a hearing conducted on August 15, 2011. At the hearing, defense counsel acknowledged that the defendant had previously been indicted on the same charge but asserted that the prior indictment did not list the correct owner of the property the defendant was accused of vandalizing. Defense counsel then argued that the name of the victim was a necessary element of the vandalism charge and, as such, the new indictment was not a superseding indictment and did not qualify for tolling of the statute of limitations from the first indictment. After the hearing, the trial court entered a judgment dismissing Count 2 of the indictment, charging the defendant with misdemeanor vandalism, after finding that the indictment was filed outside the statute of limitations. The court noted that the "[a]llegation in indictment does not include [a] basis for State's argument that this is a superseding indictment and the action is tolled" and that the "[p]rior allegation does not allege correct ownership of property and thus is different than this indictment."

Next, on August 22, 2011, the State filed a motion to reconsider the dismissal, arguing that the superseding indictment corrected a clerical error in the original indictment and indicating that, as required, the superseding indictment was issued while the original indictment was still pending. Following a hearing, and by written order filed that same day, the trial court denied the State's motion to reconsider, reasoning, as the court had earlier, that the indictment had been brought after the one-year statute of limitations had run on the misdemeanor vandalism charge. The State then filed a Rule 3 notice of appeal regarding the dismissal of Count 2.

Subsequently, the court conducted a hearing on September 19, 2011, on what, apparently, was an oral motion of the defendant to sever Counts 1 and 3 of the superseding indictment, both of these alleging assaults committed by the defendant against Frye. At that hearing, the court stated that it was "denying the motion to sever. And for the benefit of the State, so they can clarify this, I will say, that I will make a ruling that if the lesser included on count three turns out to be a misdemeanor, the statute would bar a conviction on that as well, so that will . . . give the State something to go argue about at this point, and clarify them both at the same time." With regard to that ruling, the State then filed an application for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which the trial court denied. Thereafter, the State filed an application for an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure regarding both the dismissal of Count 2 and the ruling on the other counts concerning lesser included offenses. The State also filed a motion to voluntarily dismiss the original Rule 3 appeal concerning the dismissal of Count 2. This court granted the State's motion for extraordinary appeal and also dismissed the pending Rule 3 appeal.

4

## ANALYSIS

On appeal, the State argues that the trial court abused its discretion when it dismissed the misdemeanor vandalism charge in the second indictment as being filed outside the statute of limitations and also when it ruled that it could not charge the jury on the lesser included offense of misdemeanor vandalism on the two remaining felony vandalism charges. We will consider these two issues.

### I. Dismissal of Count 2, Misdemeanor Vandalism

A prosecution is commenced by, among other things, finding an indictment or presentment. Tenn. Code Ann. § 40-2-104. Aside from certain exceptions not applicable to this case, "all prosecutions for misdemeanors shall be commenced within the twelve (12) months after the offense has been committed[.]" Id. § 40-2-102(a). "Commencement of the prosecution tolls the running of the limitations period because such commencement initially notifies the defendant of the charge or charges to be defended." State v. Tait, 114 S.W.3d 518, 522 (Tenn. 2003).

In State v. Harris, 33 S.W.3d 767, 771 (Tenn. 2000), the Tennessee Supreme Court explained the State's authority to obtain a superseding indictment as follows:

> The power to seek a superseding indictment lies within [the] broad discretion of the State. A superseding indictment is an indictment obtained without the dismissal of the prior indictment. . . . Where there has been no jeopardy on the first indictment, a grand jury may return a new indictment against an accused even though another indictment is pending. . . . [A] legitimate decision to bring a superseding indictment is uniquely within the State's authority. Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial.

Id. (citations and footnote omitted).

A superseding indictment filed beyond the statute of limitations is proper so long as the first indictment was pending and the charges are neither broadened nor substantially amended. State v. Lawson, 291 S.W.3d 864, 872 (Tenn. 2009); see also State v. Nielsen, 44 S.W.3d 496, 500 (Tenn. 2001). "'If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him.'" Nielsen, 44 S.W.3d at 500 (quoting United States v. Italiano, 894 F.2d 1280, 1283 (11th Cir. 1990)). Further, when a prosecution is timely

commenced, there is no requirement that an indictment issued after the statute of limitations has passed must allege facts showing that the statue of limitations was tolled.  Id. at 499.

As we have set out, the defendant was charged in Count 4 of the original indictment on August 4, 2010 of the misdemeanor vandalism of property belonging to James Bohannon on some date in September 2009.  This indictment was issued within the one-year statute of limitations for a misdemeanor offense.  While that indictment was still pending, a second indictment was issued on April 6, 2011, in which the defendant was charged in Count 2 of the misdemeanor vandalism of property belonging to Gary Frye on some date in September 2009.  The second indictment was issued outside the applicable statute of limitations.  Thus, the question before this court is whether the second indictment alleged a new offense or broadened or substantially amended the charge against the defendant such that it did not properly qualify as a superseding indictment and therefore considered as having been issued within the statute of limitations period.

We conclude that the second indictment did in fact substantially amend the charge of misdemeanor vandalism against the defendant such that the statute of limitations was not tolled.  The statute prohibiting vandalism provides, "Any person who knowingly causes damage to or the destruction of any real or personal property of another . . . knowing that the person does not have the owner's effective consent is guilty of an offense under this section."  Tenn. Code Ann. § 39-14-408(a).  Tennessee Code Annotated section 40-13-209(b), which addresses the form and sufficiency of an indictment alleging property ownership, states that "[i]t is sufficient to describe property in any manner which may sufficiently identify the property, upon or in relation to which the offense charged was committed."

Under the first indictment, the defendant was on notice that he had to defend against the charge of vandalizing property belonging to James Bohannon, but under the second indictment he had to defend against the charge of vandalizing property belonging to Gary Frye.  The property owner's name was the primary identifier by which the defendant was apprised of the charge he had to defend against.  However, the property owner/victim listed in the second indictment was more than just a minor change of the primary identifier, unlike the situations in State v. Hensley, 656 S.W.2d 410 (Tenn. Crim. App. 1983) and State v. McClennon, 669 S.W.2d 705 (Tenn. Crim. App. 1984).  In Hensley, only one of the three victims' names was amended, and it was simply amended to Paul L. Walker from Paul Wolfenbarger.  Hensley, 656 S.W.2d at 413.  In McClennon, the State was allowed to amend the indictment to allege that the owner of the stolen property was "Voyager Enterprises, d/b/a Joe Scott Farm Equipment Co." instead of "Joe Scott, d/b/a Joe Scott Farm Equipment Co."; thus, the operating name of the victimized company was unchanged.  McClennon, 669 S.W.2d at 706.  Moreover, unlike the situation in State v. Clark, 2 S.W.3d 233, 234-35

6

(Tenn. Crim. App. 1998), in which a panel of this court held that the identity of the victim was not an essential element of aggravated robbery and that the charging instrument was not defective for failing to identify the victim, the indictment in this case listed an entire month period in which the offense occurred, instead of listing an exact date which would have considerably aided in a defendant's identification of the offense he was being called to defend against. In sum, we cannot conclude that the allegations and charges were substantially the same in the old and new indictments, such that we can assume the defendant was placed on notice of the charge against him. See Nielsen, 44 S.W.3d at 500. Therefore, we affirm the trial court's dismissal of Count 2 of the indictment as being barred by the statute of limitations.

## II. Lesser Included Offense Jury Charge as to Count 3

In its Rule 10 application, the State poses this issue as "[w]hether the trial court erred in . . . finding that it could not instruct the jury on the lesser included offenses of the felony vandalism charges because . . . the superseding indictment, which was filed outside the one-year statute of limitations for misdemeanor offenses, did not refer to the first indictment." We note that the record on appeal does not include a written pleading filed by the State or the defense as to this matter, and it appears to have come up as an afterthought during the September 19, 2011 hearing on the defendant's motion for a severance as to the remaining counts in the indictment.

So, as to this matter, neither is there a pleading filed with the trial court setting out the issue to be decided, nor an order of the trial court doing so. The entire statement of the holding, which we are asked to review, is that "if the lesser included on count three turns out to be a misdemeanor, the statute would bar a conviction on that as well." We note that the trial court was not asked to provide a written ruling, with findings and conclusions, and this court is left trying to trace the confusing array of charges brought by Frye against the defendant to decipher when the indictment claims were initiated by affidavits of complaint. We are being asked, in effect, to provide an advisory opinion as to a situation which will occur only if the proof at trial shows that the damages on Count 3 to be less than $500. We cannot provide advisory opinions. See State ex rel. Lewis v. State, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961) ("The courts of this State have no right to render an advisory opinion."); State v. William A. Hawkins, No. E2004-01761-CCA-R3-CD, 2005 WL 2922382, at *22 (Tenn. Crim. App. Nov. 4, 2005) (The defendant "is seeking an advisory opinion as to a statute which he does not claim affected his trial. We decline to provide such an opinion."), perm. app. denied (Tenn. Mar. 27, 2006). Accordingly, we conclude that we improvidently granted the State's Rule 10 application as to this issue, and it is hereby denied.

7

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court dismissing the misdemeanor vandalism charge alleged in Count 2 of the indictment and deny, as improvidently granted, the State's Rule 10 appeal as to whether, at a trial, misdemeanor vandalism may be charged as a lesser included offense of felony vandalism as to Count 3.

_____
ALAN E. GLENN, JUDGE