IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Knoxville June 23, 2015

## MICHAEL EUGENE WALLACE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2013-D-2742    J. Randall Wyatt, Jr., Judge**

_____

**No. M2014-02148-CCA-R3-PC – Filed July 17, 2015**

_____

Petitioner, Michael Eugene Wallace, appeals the denial of his petition for post-conviction relief claiming ineffective assistance of trial counsel. Because Petitioner knew of the statute of limitations when he entered his plea and made a strategic decision not to rely on its protection, he did not receive ineffective assistance. Accordingly, the decision of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jeffrey T. Daigle, Nashville, Tennessee, for the appellant, Michael Eugene Wallace.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This is the Petitioner's appeal from the Davidson County Criminal Court's dismissal of his ill-fated petition for post-conviction relief attacking a guilty plea entered pursuant to plea agreement entered on January 30, 2014.

*Facts and Procedural Background*

On October 18, 2013, a Davidson County grand jury indicted Petitioner for possession of a controlled substance with intent to sell or deliver .5 grams or more of cocaine and for tampering with evidence. Those crimes allegedly occurred on November 19, 2003 (the "2003 charges"). On January 30, 2014, Petitioner entered a guilty plea to the reduced charge of simple possession, a Class E felony.[1] He received a three-year sentence as a Range II, multiple offender, to be served on unsupervised probation after one year of confinement. The tampering with evidence charge and another drug offense in a different case were dismissed in exchange for the guilty plea.

After Petitioner filed a pro se petition for post-conviction relief, appointed counsel filed an amended petition on July 15, 2014. Petitioner argued, among other things,[2] that he received ineffective assistance of counsel when entering his guilty plea because his trial counsel failed to raise the statute of limitations as a defense. The post-conviction court held an evidentiary hearing on August 21, 2014.

At the hearing, Petitioner testified that the offense to which he pled arose out of a traffic stop in 2003. He was detained and questioned by police, but he was not arrested or charged with a crime until 2012. During the intervening period of time, Petitioner was convicted of a federal crime and spent several years in federal custody before being released on parole on November 10, 2010.

When Petitioner was indicted in this case, trial counsel was appointed. Petitioner told trial counsel during their first meeting that "this case was an old case and that it should probably have a statute of limitations" defense. Trial counsel told Petitioner that the State "could still pursue the charge" and did not present the statute of limitations as a viable defense.

In addition to the 2003 charges, Petitioner also faced another possession charge in a different case for an incident in November 2012 (the "2012 charges"). Petitioner was concerned that the 2012 charges might cause him to violate the terms of his federal parole. Petitioner admitted that he "spoke with [trial counsel] about how it would benefit [him] to plead guilty to the [2003 charges] that occurred prior to [his] . . . committing the federal offense" because that crime could not be counted as a parole violation. When Petitioner pled guilty in this case, the State dismissed the 2012 charges.

---

[1] Petitioner had two prior convictions for simple possession. *See* T.C.A. § 39-17-418(e) (2003).

[2] Because Petitioner does not pursue on appeal any of the additional issues raised in his amended petition, those issues are deemed abandoned and are not before this Court. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. 2009), *perm. app. denied* (Tenn. Apr. 16, 2010).

Trial counsel testified the he represented Petitioner in both cases that were pending in 2013. He discussed the facts of each case with Petitioner and also discussed "his federal parole . . . and how one case versus another would advantage or disadvantage him." Trial counsel discussed these cases with Petitioner's federal public defender because he was "trying to fashion a [plea] deal that would not violate [Petitioner's] federal parole." Trial counsel was aware of the statute of limitations defense available for the 2003 charges and discussed that issue with Petitioner and the federal public defender. Trial counsel "engaged in a lot of negotiations with the State around this statute of limitations and [the 2012 charges] . . . trying to work out the best deal for [Petitioner] where he wouldn't be looking at additional time on his federal sentence." However, trial counsel could not recall discussing the statute of limitations specifically with the prosecutor because they primarily discussed the 2012 charges.

Trial counsel stated that he did not expressly discuss the plea agreement with Petitioner in terms of waiving the statute of limitations defense. However, he did discuss with Petitioner that the only way that the State would agree to dismiss the 2012 charges, thereby avoiding a federal parole violation, was for Petitioner to plead guilty to the 2003 charge. Trial counsel said Petitioner knew that the statute of limitations defense was available because trial counsel had discussed it with him before the plea agreement was negotiated. Trial counsel maintained that foregoing the statute of limitations defense was "a strategic decision," which he continued to stand by.

On September 26, 2014, the post-conviction court entered an order denying relief. Petitioner filed a timely notice of appeal.

*Analysis*

Petitioner argues that he is entitled to post-conviction relief because his right to effective assistance of counsel was violated when trial counsel failed to raise the statute of limitations as a defense to his conviction. The State maintains that trial counsel did not provide ineffective assistance because he discussed the statute of limitations with Petitioner, who made a strategic decision to plead guilty in this case, without relying on the statute of limitations, in exchange for the dismissal of another case that could have resulted in a violation of his federal parole. We agree with the State.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). "Evidence is clear and convincing when there is no serious or

substantial doubt about the correctness of the conclusions drawn from the evidence." *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). A defendant in a criminal case is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, 'we address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). "The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting *Goad*, 938 S.W.2d at 369). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. Prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id.*

Whether a petitioner has been denied the effective assistance of counsel presents a mixed question of law and fact. *Burns*, 6 S.W.3d at 461. This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

Petitioner argues that his trial counsel should have raised the statute of limitations as a defense for the 2003 charges. "A prosecution for a criminal offense generally must be commenced within a certain statutory period of time following the commission of the offense." *State v. Nielsen*, 44 S.W.3d 496, 499 (Tenn. 2001). Petitioner was indicted for a Class B felony and a Class C felony, but he pled guilty to a Class E felony. The applicable statute of limitations for the Class B felony was eight years and four years for the Class C felony. *See* T.C.A. § 40-2-101(b)(2)-(3). The criminal statute of limitations is not a jurisdictional bar to prosecution. *State v. Pearson*, 858 S.W.2d 879, 887 (Tenn. 1993). Because "the protection of the defendant is a primary purpose of the statute of limitations," a "defendant who believes that a criminal statute of limitations no longer works to his advantage should be allowed to enter a knowing, voluntary, and intelligent waiver" thereof. *Id.* at 886-87.

In this case, waiver of the statute of limitations defense worked to Petitioner's advantage. Petitioner was able to avoid violating his federal parole by negotiating the dismissal of the more recent criminal case in exchange for a guilty plea for the 2003 charges, despite the available protection of the statute of limitations. The record clearly demonstrates that Petitioner knew this. Both Petitioner and trial counsel testified at the post-conviction hearing that they had discussions about the statute of limitations and were aware that it was available in the 2003 charges. Trial counsel testified that he and Petitioner discussed the impact that each of the pending cases would have on Petitioner's

federal parole after discussing the situation with the federal public defender. The post-conviction court accredited that testimony of trial counsel. Ultimately, Petitioner made a tactical decision not to rely on this defense in order to secure the best possible outcome that he could manage among the pending state cases and his federal parole. We agree with the post-conviction court that trial counsel's performance on this matter was "a perfectly reasonable strategic decision" and was not deficient. Therefore, Petitioner is not entitled to post-conviction relief on his claim of ineffective assistance.

Petitioner treats his issue on appeal as a claim of ineffective assistance of counsel, but he also suggests that his conviction is infirm because Petitioner never made an affirmative waiver of his statute of limitations defense when he entered his guilty plea.[3] In *Pearson*, our supreme court held that the "same standard [that] applie[s] in determining whether there has been an effective waiver as to fundamental rights" also applies to a defendant's waiver of the statute of limitations. 858 S.W.2d at 887. Accordingly, the waiver must be "knowingly and voluntarily entered" and "will not be presumed where there is no evidence in the record to indicate that the defendant was made aware of the issue." *Id.* We acknowledge that the transcript of the guilty plea entry does not provide any record of Petitioner's affirmative waiver of the statute of limitations. However, the record as a whole clearly supports the post-conviction court's finding that Petitioner was aware of the statute of limitations defense when he entered his guilty plea. *Cf. id.* ("In this case, there is no evidence in the record to indicate that the defendant entered a knowing and voluntary waiver. In fact, there was no discussion at all of the expiration of the statute of limitations in the trial court."). Indeed, he admits just that. Therefore, Petitioner is not entitled to post-conviction relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

---

[3] We note that this aspect of the issue was not raised in the post-conviction court. Although not argued by the State, it could be deemed waived. *Walsh v. State*, 166 S.W.3d 641, 645-46 (Tenn. 2005) (citing *Rickman v. State*, 972 S.W.2d 687, 691 (Tenn. Crim. App. 1997)) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal.").