IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 20, 2016

**STATE OF TENNESSEE v. KENNETH EPPERSON**

**Appeal from the Criminal Court for Sullivan County**
**No. S63141     R. Jerry Beck, Judge**

_____

**No. E2015-00478-CCA-R3-CD – Filed May 18, 2016**

_____

The Defendant-Appellant, Kenneth Epperson, was charged by affidavit of complaint on November 28, 2012, for driving under the influence (DUI) second offense, violation of the open container law, violation of the implied consent law, driving on a revoked license, and improper display of a license plate. See T.C.A. §§ 55-4-110, 55-10-401, -406, -416, 55-50-504. Epperson entered guilty pleas to improper display of a license plate and violating the open container law and was convicted by a jury as to the remaining charges. On appeal, Epperson contends that the affidavit of complaint made against him was void and that the State therefore failed to initiate a prosecution against him within the statutory period. He contends that this error requires vacating his convictions. He also challenges the sufficiency of the evidence supporting his DUI conviction. Upon our review, we conclude that the evidence was sufficient to support Epperson's conviction for DUI. However, we agree with Epperson that the State failed to initiate a prosecution against him within the statutory period. Accordingly, we reverse the judgments of the trial court and vacate Epperson's convictions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Vacated**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. NORMA MCGEE OGLE, J., concurring in results only.

Stephen M. Wallace, District Public Defender; Terry L. Jordan, Assistant Public Defender, Blountville, Tennessee (on appeal); and Terry Risner, Mt. Carmel, Tennessee (at trial), for the Defendant-Appellant, Kenneth Epperson.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Barry P. Staubus, District Attorney General; and R. Benjamin Rowe, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

On November 28, 2012, Epperson was stopped and arrested for various driving related offenses, including driving on a revoked license, DUI, and violation of the implied consent law. After transporting Epperson to jail, the arresting trooper swore out an affidavit of complaint against Epperson in front of Durrell Lynn Wise, a notary public. One week later, on December 5, 2012, Gayle Adams, a Sullivan County Clerk of Court, made a probable cause determination based on the previously-sworn affidavit of complaint. The affidavit of complaint listed a court date of January 8, 2013; however, the record does not contain any information regarding whether Epperson appeared on this day, or on any other day prior to his preliminary hearing. The preliminary hearing was held on December 17, 2013, and Epperson's case was bound over to the Sullivan County Grand Jury on February 7, 2014.[1] The grand jury returned a presentment on March 26, 2014. On July 18, 2014, just before trial, Epperson entered guilty pleas to improper display of a license plate and violating the open container law.

During trial on the remaining charges, Trooper Robert Greer of the Tennessee Highway Patrol testified that his license plate reader, an in-car computer system that reads the numbers on vehicle license plates, alerted him that the owner of the car Epperson was driving had a revoked license. Trooper Greer did not observe any improper operation of the car. After confirming that Epperson was driving the car and that Epperson's license was revoked, Trooper Greer initiated a stop. Upon stopping the car, Epperson exited and met the Trooper Greer next to his car. Trooper Greer immediately noticed an odor of alcohol on Epperson's breath and that Epperson's eyes were bloodshot and watery. He further observed an open container of alcohol inside Epperson's car, which Epperson admitted to having been drinking. Epperson agreed to four field sobriety tests and "performed poorly" on each test. Epperson was subsequently placed under arrest and read the implied consent advisement form, with which he refused to consent. A video of the stop and subsequent field sobriety tests was also played for the jury.

Following the above proof, the jury convicted Epperson as charged of driving on a revoked license, DUI, and violating the implied consent law. On October 6, 2014, the trial court sentenced Epperson to an effective sentence of eleven months and twenty-nine days. This timely appeal followed.

---

[1] From the record, it is unclear why Epperson did not have a preliminary hearing until over a year after his arrest.

## ANALYSIS

**I. Statute of Limitations.** On appeal, Epperson contends that his convictions should be vacated because the State failed to commence a prosecution against him within the one-year statutory period. Specifically, Epperson argues that the affidavit of complaint was insufficient to commence a prosecution because it was sworn before, and signed by, a notary public, rather than a clerk, judge, or judicial commissioner as required by Rules 3 and 4 of the Tennessee Rules of Criminal Procedure. He further claims that the presentment returned by the grand jury was also invalid because it occurred on March 26, 2014, more than a year after the alleged offense. The State responds that the affidavit of complaint was effective in commencing a timely prosecution. Upon our review, we agree that the affidavit of complaint was void because it did not comply with Rules 3 and 4 of the Tennessee Rules of Criminal Procedure. We therefore hold that the convictions must be vacated because the State failed to commence a prosecution within the statutory period. See T.C.A. § 40-2-104.

As a preliminary matter, Epperson failed to raise this issue pretrial, at trial, or in his motion for a new trial. Ordinarily, this would constitute waiver of this issue. However, because we have previously held that the statute of limitations is not waived by failure to raise an objection by pre-trial motion, nor by failure to include the issue in a motion for new trial, see State v. Seagraves, 837 S.W.2d 615, 618 (Tenn. Crim. App. 1992), we will review this issue on the merits.

In this case, Epperson was charged with only misdemeanor offenses. With some exceptions not applicable here, "all prosecutions for misdemeanors shall be commenced within twelve (12) months after the offense has been committed [.]" T.C.A. § 40-2-102. The purpose of the limitations period "is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases." State v. McCloud, 310 S.W.3d 851, 859 (Tenn. Crim. App. 2009) (citing State v. Nielsen, 44 S.W. 3d 496, 499 (Tenn. 2001)). Furthermore, "[s]tatutes of limitations are construed 'liberally in favor of the criminally accused.'" Id. (citing and quoting State v. Ferrante, 269 S.W.3d 908, 911 (Tenn. 2008)). In order to determine whether the prosecution is barred by the statute of limitations, we must first determine when the prosecution was commenced.

> A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the

matter or any other appearance in either court for any purpose involving the offense.

T.C.A. § 40-2-104; see also Ferrante, 269 S.W.3d at 912.

Our analysis requires examining the methods enumerated in the statute for commencing a prosecution. Here, the evidence does not suggest, nor does the State contend, that Epperson was charged by the filing of an information, the issuance of an arrest warrant, or by indictment. Accordingly, we must determine whether a prosecution was commenced by a presentment, by binding the defendant over to the grand jury, or by general appearance, within the statutory period. Epperson had a preliminary hearing on December 17, 2013, and was bound over to the grand jury on February 7, 2014. The grand jury returned a presentment on March 26, 2014. All of these events occurred more than a year after the date of the offense and therefore fall outside the one-year period in which the State may prosecute a misdemeanor crime. Because the limitations period had expired, these events are of no force in commencing a prosecution against Epperson.

A prosecution may also be commenced by the defendant's appearance in court if the underlying affidavit of complaint is valid. McCloud, 310 S.W.3d at 861 (citing Ferrante, 269 S.W. 3d at 914-15). In their brief, the State appears to assert that the affidavit of complaint was sworn to in front of the same person that made the probable cause determination, Gayle Adams, a court clerk in Sullivan County. They claim that Epperson failed to show that Adams was incapable of making a probable cause determination and thus, failed to establish that the affidavit of complaint was void ab initio. In our view, the State has missed the mark. The State either ignores or overlooks the fact that the affidavit of complaint was not sworn before or signed by Adams, but rather Durrell Lynn Wise, a notary public, and that Adams did not make a probable cause determination until a week after the affidavit of complaint was sworn. These defects are significant.

Tennessee Rule of Criminal Procedure 3 governs affidavits of complaint and provides as follows:

> The affidavit of complaint is a written statement alleging that a person has committed an offense and alleging the essential facts constituting the offense charged. The affidavit of complaint shall be made upon oath before a magistrate or a neutral and detached court clerk who is capable of the probable cause determination required by Rule 4.

Tenn. R. Crim. P. 3 (emphases added). Because the affidavit was sworn out before a notary public, rather than a magistrate or a neutral and detached clerk of court capable of

-4-

making a probable cause determination, the affidavit failed to comply with the mandatory requirements of Rule 3 of the Tennessee Rules of Criminal Procedure, rendering it void ab initio. Ferrante, at 913 ("Because the affidavit of complaint in this case was not made before a magistrate or a neutral and detached court clerk . . . It was, therefore, void ab initio[.]"). Accordingly, even if we were to assume that Epperson appeared at the January 8, 2013 court date listed on the affidavit of complaint, his appearance did not commence the prosecution or toll the statute of limitations. See id. at 915 ("A criminal defendant's appearance in court upon a purported charging instrument that is void ab initio does not serve to commence a prosecution under Tennessee Code Annotated 40-2-104 so as to toll the running of the statute of limitations."). Under these circumstances, we conclude that the charges must be dismissed because the State failed to commence a prosecution against Epperson within the statutory period by any of the methods prescribed by statute.

Upon determining that the State failed to commence a prosecution against Epperson before the one-year statute of limitations period expired, we are forced to conclude that the judgments against him must be vacated and the charges dismissed. However, in the event of further appellate review, we will analyze Epperson's claim that the evidence was insufficient to support his conviction for DUI.

**II. Sufficiency of the Evidence.** Epperson challenges the sufficiency of the evidence supporting his conviction for second offense DUI.[2] Specifically, he contends that the evidence was insufficient for a jury to find beyond a reasonable doubt that he was operating a motor vehicle while impaired. The State asserts that the evidence is sufficient to support Epperson's convictions.

"Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the criminal defendant bears the burden on appeal of showing that the evidence was legally insufficient to sustain a guilty verdict." State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009) (citing State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992)). When this court evaluates the sufficiency of the evidence on appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (citing State v. Majors, 318 S.W.3d 850, 857 (Tenn. 2010)). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this court is "whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Parker, 350 S.W.3d 883, 903 (Tenn. 2011) (quoting Jackson

---

[2] In his brief to this court, Epperson argues that the evidence was insufficient to support his conviction for DUI only. Accordingly, any challenge to the sufficiency of the evidence of his other convictions are waived. Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities or appropriate references to the record will be treated as waived in this court.").

v. Virginia, 443 U.S. 307, 319 (1979)).  Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt."

Guilt may be found beyond a reasonable doubt where there is direct evidence, circumstantial evidence, or a combination of the two.  State v. Sutton, 166 S.W.3d 686, 691 (Tenn. 2005); State v. Hall, 976 S.W.2d 121, 140 (Tenn. 1998).  The standard of review for sufficiency of the evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)).  The jury as the trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence.  State v. Campbell, 245 S.W.3d 331, 335 (Tenn. 2008) (citing Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978)).  Moreover, the jury determines the weight to be given to circumstantial evidence and the inferences to be drawn from this evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury.  Dorantes, 331 S.W.3d at 379 (citing State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006)).  When considering the sufficiency of the evidence, this court shall not substitute its inferences for those drawn by the trier of fact.  Id.

The State was required to prove beyond a reasonable doubt that Epperson drove or was "in control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while . . . [u]nder the influence of any intoxicant[.]" T.C.A. § 55-10-401(1).  In support of this issue, Epperson argues that Trooper Greer did not observe Epperson improperly operate his car prior to the stop and that his history of knee and leg problems could account for his poor performance on two of the field sobriety tests.

Viewed in the light most favorable to the State, the evidence is sufficient to support Epperson's conviction for DUI.  Trooper Greer, the only witness at trial, testified that he noticed an odor of alcohol on Epperson's breath immediately after the stop. Epperson had bloodshot, watery eyes, an open container of beer in his car, and admitted to drinking beer while driving and taking a Lortab pill earlier that morning.  The jury was able to assess Epperson's poor performance on each of the four field sobriety tests from the video tape.  Under these facts, we conclude that the evidence was sufficient to support Epperson's conviction for DUI.

## CONCLUSION

Based on the forgoing reasoning and analysis, the evidence was sufficient to support Epperson's conviction for DUI. However, we reverse and vacate the judgments of conviction against Epperson because the State failed to commence a prosecution against him within the one-year statute of limitations.

_____
CAMILLE R. McMULLEN, JUDGE