# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
April 10, 2003 Session Heard at Dyersburg[1]

## STATE OF TENNESSEE v. ROBERT TAIT

**Appeal by Permission from the Criminal Court of Appeals**
**Criminal Court for Shelby County**
**No. 00-12820    Joseph B. Dailey, Judge**

---

**No. W2001-02157-SC-R11-CD - Filed September 8, 2003**

---

We granted this interlocutory appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure to determine whether, in a prosecution commenced by an arrest warrant for driving under the influence of an intoxicant, the resulting indictment may charge the defendant for offenses that can be inferred from the arrest warrant. The arrest warrant charged the appellant, Robert Tait, with driving under the influence of an intoxicant, and the grand jury indicted him for that offense (count one)[2] and for driving with a blood-alcohol concentration of .10 percent or more (count two).[3] The trial court dismissed the second count, finding that it described a new and additional charge and was, therefore, barred by the applicable one-year statute of limitations because its prosecution had been commenced more than one year after the conduct occurred. The Court of Criminal Appeals reversed, concluding that the second count merely constituted an alternative theory for conviction and did not charge an offense distinct from that for which the appellant was initially charged. After reviewing the record and controlling legal authority, we hold that the language of the warrant sufficiently tolled the limitations period for count two. Therefore, we affirm the holding of the Court of Criminal Appeals and remand this case to the trial court for further proceedings.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals**
**Affirmed; Case Remanded to the Criminal Court for Shelby County**

---

[1]Oral argument was heard in this case on April 10, 2003, in Dyersburg, Dyer County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

[2]Tennessee Code Annotated section 55-10-401 (1998) provides that "(a) It is unlawful for any person to drive or to be in physical control of any automobile . . . while: (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system . . . ."

[3]Tennessee Code Annotated section 55-10-401 (1998) provides that "(a) It is unlawful for any person to drive or to be in physical control of any automobile . . . while: . . . (2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more."

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

N. Craig Brigtsen, III, and Terry D. Smart, Memphis, Tennessee, for the appellant, Robert Tait.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Kim R. Helper, Assistant Attorney General; and Stephen P. Jones, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

I. Facts and Procedural History

The underlying facts of this case are undisputed. On July 11, 1999, the appellant, Robert Tait, was arrested for driving under the influence of an intoxicant. The warrant stated: "To any lawful officer of the State: information on oath having been made that the offense of D.U.I. has been committed, and accusing Robert Tait thereof, you are hereby commanded in the name of the State, forthwith, to arrest the above named person . . . ." On November 2, 2000, the grand jury returned a two-count indictment against Tait; both counts alleged violations of section 55-10-401 (1998)[4] of the Tennessee Code Annotated ("D.U.I. statute"). Specifically, count one alleged the offense of driving "while under the influence of an intoxicant . . . in violation of Tenn. Code Ann. § 55-10-401." Count two alleged the offense of driving "while the alcohol concentration in the said Robert Tait's breath was .10 percent or more, in violation of Tenn. Code Ann. § 55-10-401."

Tait moved to dismiss count two of the indictment. In his motion, he asserted that he had never been arrested or charged with the offense of driving with a blood-alcohol concentration of .10 percent or more. He asserted that the offense charged in count two was a misdemeanor and, as such, prosecution for this offense must begin within one year of the warrant or it is barred by the applicable statute of limitations. Further, he asserted that because the grand jury indictment was the initial charge of such offense, and occurred more than a year after the original arrest warrant, count two of the indictment was barred by the statute of limitations. The trial court agreed, finding that the second count of the indictment alleged the independent offense of "D.U.I. per se," which was not specifically mentioned in the arrest warrant. The court concluded that the prosecution of this offense was not initiated until the issuance of the grand jury indictment on November 2, 2000, well over one year after the commission of the offense. Accordingly, the trial court dismissed count two as barred by the statute of limitations.

Upon permissive interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, the Court of Criminal Appeals held that the offense of D.U.I. can be established with alternative theories. The intermediate court held that the first theory supported count one of the

_____

[4]Tennessee Code Annotated section 55-10-401 was amended after the date of this offense; the applicable statutes for purposes of this opinion are found in the 1998 replacement volume of the Tennessee Code Annotated.

grand jury indictment and that the second theory supported count two. It concluded, therefore, that count two did not allege a separate or later-charged offense than alleged in the arrest warrant. Accordingly, the court reversed the judgment of the trial court and remanded the cause on both counts to the trial court.

We granted review to determine whether, in this prosecution commenced by an arrest warrant for driving under the influence of an intoxicant, the charge of driving with an alcohol concentration of .10 percent or more is barred by the statute of limitations under the facts of this case.

## II. Standard of Review

Because the material facts of this case are not in dispute, the outcome rests solely upon statutory interpretation. Issues of statutory construction are questions of law that are reviewed de novo with no presumption of correctness accompanying the trial court's conclusions. Beare Co. v. Tenn. Dep't of Revenue, 858 S.W.2d 906, 907 (Tenn. 1993); Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993).

## III. Analysis

In order to determine whether count two of the indictment is barred by the statute of limitations, we first look to the D.U.I. statute, which provides in pertinent part:

> (a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while: (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or (2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more.

Tenn. Code Ann. § 55-10-401. The penalties for a violation of the D.U.I. statute are codified and provide for a maximum punishment of eleven months and twenty-nine days. Tenn. Code Ann. § 55-10-403(a)(1) (1998). As an offense "punishable by fine or confinement for less than one (1) year," the offense of D.U.I. is classified as a "misdemeanor." Tenn. Code Ann. § 39-11-110 (1997). Aside from a few statutory exceptions, all prosecutions for misdemeanors must be commenced within twelve months of the commission of the offense. Tenn. Code Ann. § 40-2-102 (Supp. 2002). Therefore, the limitations period for commencing the prosecution for count one or count two in this case ended one year from July 11, 1999, the date of the appellant's offense and arrest. Consequently, to withstand a statute of limitations challenge, the prosecution for count two, driving with an alcohol concentration of .10 percent or more, must have commenced before July 11, 2000.

A criminal statute of limitations functions to place a defendant on timely notice of the charges the defendant will have to defend. Further, the primary purpose of the statute of limitations is to protect the defendant's ability to preserve relevant evidence necessary to the defendant's defense. State v. Pearson, 858 S.W.2d 879, 886 (Tenn. 1993). The limitations period insures that governmental action against an accused will be commenced promptly or such action will be forfeited. See id. (citing United States v. Ewell, 383 U.S. 116, 122 (1966)); see also State v. Nielsen, 44 S.W.3d 496, 499 (Tenn. 2001). Thereby, the limitations statutes protect that defendant "whose defense [may] have been lost over time." State v. Ricci, 914 S.W.2d 475, 479 (Tenn. 1996).

Commencement of the prosecution tolls the running of the limitations period because such commencement initially notifies the defendant of the charge or charges to be defended. By statute, the prosecution for an offense may be commenced in one of several ways, all deemed to provide the defendant with sufficient notice of the crime:

> A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

Tenn. Code Ann. § 40-2-104 (1997); see also Nielsen, 44 S.W.3d at 499. In this case, the issuance of the arrest warrant charging D.U.I. on July 11, 1999, commenced a prosecution and tolled the statute of limitations as to the charge of D.U.I. See State v. Utley, 956 S.W.2d 489, 493 (Tenn. 1997); State v. Miller, 30 Tenn. (11 Hum.) 505, 506 (1851).

The appellant agrees that the arrest warrant tolled the statute of limitations as to the D.U.I. charge. He, however, contends that the grand jury's subsequent indictment for driving with a blood-alcohol concentration of .10 percent or more is barred by the statute of limitations because that charge was not included in the arrest warrant. He further contends that charges commenced by an arrest warrant must be limited to the precise substance of the charge stated in the warrant. The law is contrary to the appellant's contention.

Section 40-6-208 of the Tennessee Code Annotated governs the required contents of an arrest warrant, and it states:

> (a) The warrant should specify the name of the defendant, but if it is unknown to the magistrate, the defendant may be designated therein by any name. (b) It should also state the offense either by name, or so that it can be clearly inferred. (c) It should also show, in some part, the county in which issued, the name and initials of office of the magistrate.

The statute mandates that the warrant state the offense either by name, or so that it can be clearly inferred, and like indictments, the contents of a warrant for arrest must inform the accused of the nature of the charge. However, warrants differ from indictments in that the statute does not require that a warrant "state the facts constituting the offense . . . ." See Tenn. Code Ann. § 40-13-202 (1997). Further, the assertion of facts required for a sufficient indictment do not have any effect upon the timeliness of a prosecution commenced by an arrest warrant. In State v. Miller, the Court explained the distinction for limitations purposes:

> The warrant, apprehension, and requiring bail for the appearance of the party at the circuit court, certainly constituted a "prosecution" of the offender; and of this prosecution, the warrant is the commencement. The indictment is the method by which the issue is made up, on which the party is to be tried. It is a prosecution, therefore, "by indictment," although the prosecution is commenced by warrant. The meaning is, that prosecutions for misdemeanors, the trial of which must be by presentment or indictment, shall be commenced in twelve months. The limitation, refers to the commencement of the prosecution, and not to the finding of the indictment.

30 Tenn. (11 Hum.) at 506.

Clearly, an indictment filed more than one year after the arrest that changed the nature of the offense or added a new offense to the one articulated in the arrest warrant would be barred by the statute of limitations because the defendant would have been denied timely notice of what evidence his defense would require. Cf. Murff v. State, 425 S.W.2d 286, 288 (Tenn. 1967) (finding that "there is no reason for not freely allowing amendments and substitutions of trial warrants where a defendant elects to go to trial upon such warrant" as long as a new offense is not added and the nature of the offense is not changed). However, an indictment that alleges various theories of guilt for offenses that can be inferred from an arrest warrant in no way compromises the defendant's notice of the charge. In the case under submission, both counts one and two charged in the indictment can be inferred from the charge of D.U.I. found in the arrest warrant; therefore, the appellant's challenge to the timeliness of count two must fail.

IV. Conclusion

For the foregoing reasons, we hold that subsequent indictments on charges timely commenced by an arrest warrant are limited to those charges that can be based on the offense named in the warrant or offenses that can be clearly inferred from the warrant. A charge of driving with an alcohol concentration of .10 percent or more can be clearly inferred from an arrest warrant alleging "that the offense of D.U.I. has been committed." Therefore, the prosecution for driving with a blood-alcohol concentration of .10 percent or more was commenced by the arrest warrant. It follows that the trial court erred in dismissing count two of the indictment as barred by the statute of limitations. Accordingly, we affirm the judgment of the Court of Criminal Appeals and remand this cause to the

trial court for further proceedings. Costs of the appeal are taxed to the appellant, Robert Tait, for which execution shall issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE