# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 18, 2010 Session

## STATE OF TENNESSEE v. STEPHEN JAMES THOMPSON

**Appeal from the Circuit Court for Maury County**
**No. 18362    Allen W. Wallace, Senior Judge**

---

**No. M2009-02122-CCA-R3-CD - Filed August 25, 2010**

---

The State appeals the trial court's dismissal of the charge of driving under the influence ("DUI") against Appellee, Stephen James Thompson. The trial court dismissed the charge after finding that the statute of limitations had expired before the Maury County Grand Jury indicted Appellee. On appeal, we determine that the trial court improperly dismissed the charges because Appellee waived his preliminary hearing and agreed to allow the case to be bound over to the grand jury prior to the expiration of the statute of limitations. Therefore, the judgment of the trial court is reversed and remanded for reinstatement of the indictment against Appellee for DUI.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., JOINED.

Robert E. Cooper, Jr., Attorney General and Reporter, Lacy Wilber, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellant, State of Tennessee.

J. Russell Parkes and Charles M. Molder, Columbia, Tennessee for the appellee, Stephen James Thompson.

## OPINION

### *Factual Background*

Appellee was involved in a car accident on September 28, 2007. Appellee was injured in the accident, so the responding officer, Trooper Jon W. Judge, was unable to perform field sobriety tests on Appellee even though Trooper Judge suspected that Appellee was driving

under the influence. At the time of the accident, Appellee was charged with failure to give immediate notice of the accident, leaving the scene of an accident involving injury, driving on an expired license, failure to provide proof of insurance, and violation of the open container law.

On January 28, 2008, Trooper Judge executed an affidavit of complaint against Appellee alleging that he was driving under the influence at the time of the accident. The complaint does not appear to have been signed by a judge, magistrate, or Appellee. Appellee subsequently made four appearances in court on February 7, 2008; March 20, 2008; April 7, 2008; and June 12, 2008, related to the charges stemming from the accident. Appellee was represented by counsel. Subsequently, on July 24, 2008, Appellee waived his right to a preliminary hearing and agreed to allow the case to be bound over to the grand jury.

The Grand Jury of Maury County indicted Appellee on October 3, 2008. On January 6, 2009, Appellee filed a motion for arraignment, waived personal appearance, and requested that the trial court enter a not guilty plea. Appellant filed a motion to dismiss the DUI charge due to the running of the statute of limitations on August 25, 2009. The trial court granted the motion and dismissed the DUI charge on the basis that the statute of limitations expired prior to the issuance of the indictment.

The State has appealed.

*Analysis*

On appeal, the State argues that the trial court "erred when it concluded that the statute of limitations had run before the State commenced prosecution." Specifically, the State contends that the trial court improperly dismissed the indictment where Appellee waived his preliminary hearing and agreed to have the case bound over to the grand jury prior to the expiration of the one-year statute of limitations. Appellee disagrees, relying on *State v. Ferrante*, 269 S.W.3d 908, 914 (Tenn. 2008). Appellee argues that the underlying affidavit of complaint was void ab initio because it was not signed by a clerk, judge, or magistrate and was never served on Appellee. Therefore, according to Appellee, the State failed to commence prosecution pursuant to "one of the statutory vehicles found in [Tennessee Code Annotated section] 40-2-104" and the trial court properly dismissed the indictment.

DUI is a Class A misdemeanor. *See* T.C.A. § 55-10-301, -401. According to Tennessee Code Annotated section 40-2-102, except as otherwise provided, "all prosecutions for misdemeanors shall be commenced within the twelve (12) months after the offense has been committed." The purpose of the statute of limitations is "to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial

action in criminal cases." *State v. Nielsen*, 44 S.W.3d 496, 499 (Tenn. 2001). We recognize that statutes of limitation are generally construed "liberally" in favor of the defendant. *Ferrante*, 269 S.W.3d at 911 (citing *State v. Henry*, 834 S.W.2d 273, 276 (Tenn. 1992)).

According to Tennessee Code Annotated section 40-2-104:

A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, the issuing of a warrant, the issuing of a juvenile petition alleging a delinquent act, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

The various methods for commencement allow a defendant to be provided "with sufficient notice of the crime." *State v. Tait*, 114 S.W.3d 518, 522 (Tenn. 2003).

In the case herein, Appellee was not indicted until October of 2008, more than twelve months after the offense. Thus, we must determine whether another event occurred prior to the filing of the indictment that was sufficient to commence the prosecution of the case.

Appellee relies on *Ferrante*, 269 S.W.3d 908 (Tenn. 2008), to support his assertion that the trial court appropriately dismissed the indictment. We find *Ferrante* distinguishable. In *Ferrante*, the affidavit of complaint failed to comply with the Tennessee Rules of Criminal Procedure because a clerk, rather than a magistrate or judge, signed the affidavit. 269 S.W.3d at 910. Further, the defendant in *Ferrante* was not bound over to the grand jury prior to the expiration of the statute of limitations. *Id.* at 911. As a result, the State attempted to rely on the defendant's various court appearances as the commencement of the prosecution. The supreme court determined that a defendant's appearance in general sessions court will only mark the commencement of the prosecution where the underlying affidavit of complaint is valid. *Id.* at 914-15. In *Ferrante*, the underlying complaint was void, so there was no "commencement" of the prosecution. *Id.*

More similar to the case herein is *State v. Michael Bruce McCloud*, No. E2008-01541-CCAR3-CD, 2009 WL 1643445 (Tenn. Crim. App., at Knoxville, June 12, 2009). In *Michael Bruce McCloud*, the defendant was convicted of DUI, second offense. On appeal, the defendant argued that the trial court erred in denying the motion to dismiss where the prosecution was not commenced within the twelve-month statute of limitations. *Id.* at *6. The State argued that the prosecution commenced on February 20, 2004, the date of the offense and the issuance of the affidavit of complaint. In the alternative, the State relied on

the date that the defendant was bound over to the grand jury, approximately eight months after the offense. The defendant, on the other hand, citing *Ferrante*, argued that because the indictment was not issued until more than twelve months after the offense and "the affidavit of complaint did not allege the essential elements of the offense, the bind-over was ineffective to commence the prosecution." *Michael Bruce McCloud*, 2009 WL 1643445, at *8. This Court disagreed, finding that "unlike *Ferrante*, there was a judicial finding of probable cause [when the defendant's case was bound over to the grand jury within the twelve month period of time] and a statutorily sufficient commencement of the prosecution within 12 months of the commission of the offense." 2009 WL 1643556, at *8. Thus, the prosecution was commenced within the statute of limitations, and the trial court properly denied the motion to dismiss. *Id.*

In the case herein, the offense occurred on September 28, 2007. Appellee, represented by counsel, waived his right to a preliminary hearing, and the case was bound over to the grand jury on July 24, 2008. In other words, Appellee was bound over to the grand jury within twelve months of the date of the offense. Consequently, the State timely commenced prosecution within the statute of limitations, and the trial court improperly granted the motion to dismiss the indictment. Therefore, the judgment of the trial court is reversed and remanded. On remand, the indictment should be reinstated and the matter proceed accordingly.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE