IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 14, 2012 Session

**STATE OF TENNESSEE v. JIMMY JOYNER**

**Direct Appeal from the Circuit Court for Lawrence County**
**No. 29282    Stella Hargrove, Judge**

_____

**No. M2011-01667-CCA-R3-CD - Filed September 27, 2012**

_____

The State appeals the trial court's dismissal of the following charges against the Defendant, Jimmy Joyner: driving under the influence ("DUI"), third offense; violation of the open container law; and failure to maintain a traffic lane. The trial court dismissed the charges finding that the State had not commenced prosecution before the expiration of the statute of limitations. After a thorough review of the record and relevant authorities, we conclude that the trial court improperly dismissed the charges because the Defendant waived his preliminary hearing and agreed to allow the case to be bound over to the grand jury before the expiration of the statute of limitations. Therefore, the judgment of the trial court is reversed, and the case is remanded for reinstatement of the indictments against the Defendant.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Larry Samuel Patterson, Jr., Columbia, Tennessee for the Appellee, Jimmy Joyner.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paducah Stempel, Assistant Attorney General; Mike T. Bottoms, District Attorney General; Colby Baylis, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Facts**

Lieutenant Patrick Daniels, a Lawrenceburg Police Department officer, conducted a traffic stop on October 24, 2009, after he observed the Defendant's vehicle pull into the westbound roadway and then spin around into the middle of the eastbound lane. Lieutenant Daniels issued the Defendant a citation for violation of the open container law and failure to maintain a traffic lane and executed an affidavit of complaint against the Defendant, alleging that the Defendant had been driving under the influence and that it was his third such offense. On that same date, an arrest warrant was issued and executed.

On September 2, 2010, the Defendant waived his right to a preliminary hearing, and his cases were bound over to the grand jury. On October 29, 2010, a Lawrence County grand jury indicted the Defendant for driving under the influence, third offense, violation of the open container law, and failure to maintain a traffic lane.

On May 27, 2011, the Defendant filed a motion to dismiss, asserting that the State had failed to commence prosecution within the twelve-month statute of limitations period. After a hearing on the motion, the trial court granted the Defendant's motion, finding that the Defendant's waiver of a preliminary hearing and the binding over of the Defendant's cases to the grand jury did not toll the statute of limitations. It is from this judgment that the State appeals.

## II. Analysis

On appeal, the State contends that the trial court erred when it found that the State had not commenced prosecution before the expiration of the statute of limitations. The State asserts that the Defendant appeared in court and waived his right to a preliminary hearing, which resulted in the cases being bound over to the grand jury before the statute of limitations expired; thus, the trial court improperly dismissed the indictment against the Defendant. The Defendant responds that, because there was not a probable cause finding as to the Defendant's charges, the trial court properly dismissed the indictments.

At the outset, we note that the facts regarding the issues are not in dispute. Because our analysis employs the construction and interpretation of various statutes and rules of criminal procedure, our review is *de novo* with no presumption of correctness afforded to the ruling of the trial court. *State v. Ferrante*, 269 S.W.3d 908, 911 (Tenn. 2008).

The Defendant was indicted for the misdemeanor offenses of DUI, third offense, violation of the open container law, and failure to maintain a traffic lane. T.C.A. §§ 55-10-403(a)(1) (2004), 39-11-110 (2006); 55-10-416 (2004); 55-8-123 (2004). Tennessee Code Annotated section 40-2-102 provides that, "Except as provided in § 62-18-120(g) and subsection (b) of this section, all prosecutions for misdemeanors shall be commenced within

2

twelve (12) months after the offense has been committed." T.C.A. § 40-2-102(a) (2006). The purpose of this limitations period "is to protect a defendant against delay and the use of stale evidence and to provide an incentive for efficient prosecutorial action in criminal cases." *State v. Nielsen*, 44 S.W.3d 496, 499 (Tenn. 2001). Statutes of limitation are construed "liberally in favor of the criminally accused." *Ferrante*, 269 S.W.3d at 911 (citing *State v. Henry*, 834 S.W.2d 273, 276 (Tenn. 1992)).

Tennessee Code Annotated section 40-2-104 provides that a prosecution is commenced by the following:

> [F]inding an indictment or presentment, the issuing of a warrant, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense.

T.C.A. § 40-2-104 (2006). This section "provides for the commencement of a prosecution by several methods, 'all deemed to provide the defendant with sufficient notice of the crime.'" *Ferrante*, 269 S.W.3d at 914 (quoting *State v. Tait*, 114 S.W.3d 518, 522 (Tenn. 2003)). "'A lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution.'" *Id*. (quoting *State v. Morgan*, 598 S.W.2d 796, 797 (Tenn. Crim. App.1979)). Our Supreme Court "has long recognized that, 'prior to formal accusation, [a] defendant's rights are protected by the statute of limitations.'" *Id*. (quoting *State v. Baker*, 614 S.W.2d 352, 354 (Tenn. 1981)).

In this case, the Defendant allegedly committed these offenses on October 24, 2009, and the grand jury indictment was filed on October 29, 2010, more than twelve months after the offenses occurred. Thus, we must determine whether another event, prior to the filing of the indictment, was sufficient to commence prosecution.

Our review of the record reveals that a warrant for the driving under the influence charge was issued and executed on the date of the offense, October 24, 2009. The issuing of a warrant is one of the methods for commencement of a prosecution provided for in Tennessee Code Annotated section 40-2-104. The Defendant also appeared in court on September 2, 2010,where he waived his right to a preliminary hearing, and his cases were bound over to the grand jury. The Defendant's appearance in court "for any purpose involving the offense" and the "binding over of the offender" to the grand jury are also statutorily defined methods for commencing prosecution. T.C.A. § 40-2-104 (2006); *see also State v. Thompson*, No. M2009-02122-CCA-R3-CD, 2010 WL 3489162 (Tenn. Crim. App., at Nashville, Aug. 25, 2010) (holding that the State timely commenced prosecution within

the statute of limitations where the defendant waived his right to a preliminary hearing and his cases were bound over to the grand jury). Consequently, the State timely commenced prosecution within the statute of limitations, and the trial court improperly granted the motion to dismiss the indictment. Therefore, the judgment of the trial court is reversed and remanded. On remand, the indictment should be reinstated for further proceedings.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court erred when it dismissed the indictment against the Defendant. As such, we reverse the trial court's judgment, and the case is remanded to the trial court for reinstatement of the indictment.

_____
ROBERT W. WEDEMEYER, JUDGE