# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 26, 2016 Session

## STATE OF TENNESSEE v. STEVEN SHELL

**Appeal from the Criminal Court for Sullivan County**
**No. S63976       James F. Godwin, Jr., Judge**

---

**No. E2015-01103-R3-CD – Filed June 29, 2016**

---

In this appeal as of right by the State, the State challenges the ruling of the trial court dismissing the case as barred by the misdemeanor statute of limitations. Because no document in the record qualifies as a valid arrest warrant and no other event occurred to timely commence the prosecution in this case, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Benjamin Rowe, Assistant District Attorney General, for the appellant, State of Tennessee.

C. Brad Sproles, Kingsport, Tennessee, for the appellee, Steven Shell.

## OPINION

Meager would be a generous word to describe the record on appeal. The affidavit of complaint shows that the defendant was arrested in Kingsport without a warrant on May 8, 2013, following the investigation of a car accident "and then transported to the KPD jail for booking where he was charged with Driving Under the Influence, Following To[o] Close, Possession of Marijuana, Possession of Sch[edule] II Drugs[,] and Possession of Sch[edule] III drugs." On July 22, 2014, the defendant waived his right to a preliminary hearing and agreed to allow his case to be bound over to the grand jury. In September 2014, the Sullivan County Grand Jury charged the defendant with driving under the influence, following a vehicle more closely than is reasonable and prudent, possession of the Schedule II controlled substance oxymorphone,

possession of the Schedule IV controlled substance alprazolam, and possession of marijuana.

On May 15, 2015, the defendant orally moved the trial court to dismiss the charges based upon "the [c]ourt's ruling that came down yesterday. It's a situation where the offense date was May 8, 2013[,] and the bind over date was more than a year after that." After the prosecutor agreed that "[t]he [S]tate had notice of it," the court ruled that the "case will be dismissed for the reasons set out in my order in the Felicia Jones case." No order dismissing the case appears in the record, but the trial court's decision is memorialized in the minute entry for May 15, 2015. This court's opinion in *State v. Felicia Jones* indicates that the court granted Jones's motion to dismiss after finding that the affidavit of complaint in that case was void "because it had been sworn 'before a notary public [instead of] a magistrate or neutral and detached court clerk.'" *State v. Felicia Jones*, No. E2015-01101-CCA-R3-CD, slip op. at 2 (Tenn. Crim. App., Knoxville, June 29, 2016) (alteration in original).

In this appeal, the State contends that the trial court erred by dismissing the case because the defendant waived any challenge to the validity of the arrest warrant and that, in any event, the case was timely commenced via a valid arrest warrant. The defendant asserts that dismissal was appropriate.

The parties agree that the affidavit of complaint filed in this case was sworn before a notary public employed by the Kingsport Police Department on the day of the defendant's arrest and submitted one day later to "a court clerk" for a probable cause determination. The affidavit of complaint evinces that the affiant, Aaron Grimes, personally appeared before a person named Jennifer Cline on May 8, 2013. Ms. Cline affixed the affidavit with a Notary Public seal and then signed on the space provided for "Judge/Clerk/Judicial Commissioner." The parties state that Mr. Grimes was an officer of the Kingsport Police Department and that Ms. Cline was a Kingsport Police Department employee. The parties allege that the thusly-sworn affidavit of complaint was then presented to a clerk authorized to make probable cause findings and that the clerk then signed the document. Although no evidence supporting these allegations appears in the record, the parties do not contest the facts, so we will treat the facts as having been stipulated by the parties.

The State contends that the clerk's probable cause finding transformed the affidavit of complaint document into an arrest warrant and that the warrant is valid despite that the affiant did not personally appear before the clerk who signed the warrant. The defendant contends that the affiant's failure to personally appear before the clerk renders the document void and that, in any event, the probable cause finding did not transform the document into a warrant. Because no warrant issued prior to the case's

being bound over to the grand jury, the defendant argues, the misdemeanor prosecution in this case was not commenced before the running of the one-year statute of limitations provided in Code section 40-2-102.

As indicated, the facts of this case are undisputed. Our resolution of the issue presents questions of law and statutory interpretation, which we review de novo, with no presumption of correctness afforded to the ruling of the trial court. *See State v. Ferrante*, 269 S.W.3d 908, 911 (Tenn. 2008).

Under the circumstances presented, it is our view that the record supports the trial court's dismissal of the charges against the defendant because the affidavit of complaint document, regardless of the validity of the procedure utilized to create it, did not evolve into an arrest warrant and was insufficient to commence the prosecution in this case.

Code section 40-2-104 provides:

> A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, *the issuing of a warrant*, the issuing of a juvenile petition alleging a delinquent act, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense. . . .

T.C.A. § 40-2-104 (emphasis added). This section "provides for the commencement of a prosecution by several methods, 'all deemed to provide the defendant with sufficient notice of the crime.'" *Ferrante*, 269 S.W.3d at 914 (quoting *State v. Tait*, 114 S.W.3d 518, 522 (Tenn. 2003)). "'A lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution.'" *Ferrante*, 269 S.W.3d at 914 (quoting *State v. Morgan*, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)).

Code section 40-2-102 provides that "[e]xcept as provided in § 62-18-120(g) and subsection (b) of this section, all prosecutions for misdemeanors shall be commenced within the twelve (12) months after the offense has been committed, except gaming, which shall be commenced within six (6) months." T.C.A. § 40-2-102(a). Our supreme court "has long recognized that, 'prior to formal accusation, [a] defendant's rights are protected by the statute of limitations.'" *Ferrante*, 269 S.W.3d at 914 (quoting *State v. Baker*, 614 S.W.2d 352, 354 (Tenn. 1981)).

The State contends that the affidavit of complaint document filed in this case, despite the procedural flaws conceded by the State, was a valid arrest warrant and that the prosecution commenced with that document.

Code section 40-6-205, however, provides that "[i]f the magistrate is satisfied from the written examination that there is probable cause to believe the offense complained of has been committed and that there is probable cause to believe the defendant has committed it, then the magistrate *shall issue an arrest warrant*." T.C.A. § 40-6-205(a) (emphasis added); *see also* Tenn. R. Crim. P. 4(a) ("If the affidavit of complaint and any supporting affidavits filed with it establish that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate or clerk *shall issue an arrest warrant to an officer authorized by law to execute it . . . .*" (emphasis added)).[1] These provisions make the issuance of an arrest warrant mandatory when the magistrate finds probable cause.

The Code provides that "[a] warrant of arrest is *an order*, in writing, stating the substance of the complaint, *directed to a proper officer*, signed by a magistrate, and *commanding the arrest of the defendant*." *Id.* § 40-6-201 (emphasis added).[2] Code section 40-6-208 provides that an arrest warrant must: (1) "specify the name of the defendant," (2) "state the offense either by name, or so that it can be clearly inferred," (3) "show, in some part, the county in which issued, the name and initials of the magistrate in office," and (4) "include a copy of the affidavit of complaint." T.C.A. § 40-6-208. Similarly, Tennessee Rule of Criminal Procedure 4 provides:

---

[1] Under certain limited circumstances, none of which is applicable here, the magistrate may issue a criminal summons in lieu of an arrest warrant. *See* T.C.A. § 40-6-205(b).

[2] The Code also contains a form for arrest warrants:

> The warrant of arrest may be substantially as follows:
>
> State of Tennessee,
>
> County of _____.
>
> To any lawful officer of the state: Information on oath having been made to me that the offense of (designating or describing it) has been committed, and accusing C. D. thereof: You are, therefore, commanded, in the name of the state, forthwith to arrest C. D., and bring C. D. before me, or some other magistrate of the county, to answer the charge. E. F., Magistrate for _____ County.

*Id.* § 40-6-207.

-4-

The arrest warrant shall:

(A) be signed by the magistrate or clerk;

(B) contain the name of the defendant or, if this name is unknown, any name or description by which the defendant can be identified with reasonable certainty;

(C) indicate the county in which the warrant is issued;

(D) describe the offense charged in the affidavit of complaint; and

(E) *order* that the defendant be arrested and brought before the nearest appropriate magistrate in the county of arrest.

Tenn. R. Crim. P. 4(c)(1) (emphasis added).

At the bottom of the affidavit of complaint document in this case is a section titled "Probable Cause Determination." Below this heading, the document reads:

Based on the affidavit of complaint, I find there is probable cause that on the date set forth above in Sullivan County, Tennessee the defendant committed the offense(s) of violation(s) of TCA Driving Under the Influence (T.C.A. 55-10-401), Following Too Closely (T.C.A. 55-8-124), Simple Possession/Casual Exchange (T.C.A. 39-17-418[)]. To Wit: Marijuana, Simple Possession/Casual Exchange (T.C.A. 39-17-408). To Wit: Sch II, Simple Possession/Casual Exchange (T.C.A. 39-17-418). To Wit: Sch III.

Underneath this paragraph are three "choices":

( ) defendant given citation or arrested without warrant
( ) arrest warrant shall issue
( ) criminal summons shall issue.[3]

---

[3] The three alternatives appear on a single line in the document.

In this case, the alternative for "defendant given citation or arrested without warrant" has been checked and the word "citation" has been marked through while the word "arrested" has been circled.

Although the affidavit of complaint document contains a "probable cause determination," nothing in the document suggests that it is "an order" that "is directed to a proper officer" and, perhaps most importantly, the document does not "command[] the arrest of the defendant." T.C.A. § 40-6-201. As this court explained in *State v. McCloud*, "[a]n affidavit of complaint, in contrast to an arrest warrant, is merely 'a statement alleging that a person has committed an offense,' and is not, standing alone, sufficient to provide formal notice of the offense charged." *State v. McCloud*, 310 S.W.3d 851, 860 (Tenn. Crim. App. 2009) (quoting Tenn. R. Crim. P. 3 and citing *State v. Richard Gastineau*, No. W2004–02428–CCA–R3–CD, slip op. at 4 (Tenn. Crim. App., Jackson, Dec. 14, 2005)). This is true "[b]ecause an arrest warrant may or may not issue upon the affidavit of complaint." *McCloud*, 310 S.W.3d at 860. In consequence, "the 'affidavit of complaint will not necessarily provide a defendant with notice that he is being charged with an offense, and an affidavit of complaint, with nothing more to provide a defendant with notice, is not a charging instrument.'" *Id.* (citation omitted).

The affidavit of complaint document in this case contemplates further action because the document provides choices allowing for the issuance of either an arrest warrant or criminal summons. Additionally, the fact that the document provides a choice for the issuance of an arrest warrant clearly suggests that the document is not itself an arrest warrant. Our supreme court has emphasized that the issuing of an arrest warrant is necessary even where, as here, "the defendant has already been taken into custody," because "the purpose of the warrant is to serve as the charging instrument." *Ferrante*, 269 S.W.3d at 913; *cf. State v. Frasier*, 914 S.W.2d 467, 469 (Tenn. 1996) (holding that the Sixth Amendment right to counsel attaches at the time of a "'formal charge, which we construe to be an arrest warrant, or at the time of the preliminary hearing in those rare cases where a preliminary hearing is not preceded by an arrest warrant, or by indictment or presentment when the charge is initiated by the grand jury.'" (quoting *State v. Mitchell*, 593 S.W.2d 280, 286 (Tenn. 1980)).

At oral argument in a related case, the State argued that the absence of a command to arrest does not prevent the affidavit of complaint document from functioning as an arrest warrant in this case, pointing to the Advisory Commission Comment to Rule 4 that states that "[t]he command to arrest is obviously surplusage where the warrant is directed against one already in custody." Tenn. R. App. P. 4, Advisory Comm'n Cmt. Importantly, immediately following this language, the comment provides, "but a warrant in such cases still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered." *Id.*

Additionally, the same comment emphasizes the importance of using a single form for an arrest warrant, explaining,

> The form of the arrest warrant, as set out in Rule 4(c)(1), makes no distinction between warrants issued for persons not yet arrested and those warrants issued for persons already arrested without a warrant. Such a warrant serves a dual function: first, as the authority for an arrest (where an arrest has not already been lawfully made) and, secondly, as a statement of the charge which the accused is called upon to answer.

*Id.* Both Code section 40-6-201 and Tennessee Rule of Criminal Procedure 4 clearly require that an arrest warrant include a command to arrest, a requirement that could not be overcome by any comment provided by the Advisory Commission.

Additionally, we cannot agree with the State that the defendant's appearance in court "as early as July 30, 2013," commenced the prosecution in this case. First, no evidence in the record indicates that the defendant did, in fact, make any court appearance prior to July 22, 2014, when he appeared for purposes of waiving his right to a preliminary hearing. The affidavit of complaint states a court date of July 30, 2013, but nothing in the record establishes that the defendant actually appeared on that date. Second, as our supreme court explained in *Ferrante*, "a defendant's court appearance may serve to commence a prosecution under section 40-2-104 so as to toll the statute of limitations only where that appearance is made in response to an offense that has been charged" via a valid charging instrument. *Ferrante*, 269 S.W.3d at 914. Thus, even if the defendant had appeared in court prior to the bind over determination on July 22, 2014, that appearance would not have commenced the prosecution in this case because no valid charging instrument existed at that time.

As indicated, Code section 40-2-102 demands that a prosecution for a misdemeanor offense commence "within the twelve (12) months after the offense has been committed," T.C.A. § 40-2-102(a), and Code section 40-2-104 provides an exclusive and exhaustive list of the methods by which a prosecution may be commenced, *see* T.C.A. § 40-2-104; *see also State v. Burdick*, 395 S.W.3d 120, 124 (Tenn. 2012); *Tait*, 114 S.W.3d at 522. In this case, no action triggering the commencement of the prosecution, other than the filing of the document at issue, occurred until more than one year after the defendant's arrest. *See Ferrante*, 269 S.W.3d at 912 ("It appears that the State attempted to commence its prosecution in this case by issuing the affidavit of complaint, as the record contains no other document issued at or around the time of the Defendant's arrest."). Because the affidavit of complaint document was not a valid arrest

warrant, it was insufficient to commence the prosecution in this case. In consequence, the prosecution in this case was not commenced before the expiration of the statute of limitations.

The State contends that the defendant waived any challenge to the timeliness of the prosecution in this case by failing to raise the issue in the general sessions court. In *Kenneth Epperson*, the panel stated that Epperson's failure "to raise this issue pretrial, at trial, or in his motion for a new trial ordinarily would "constitute waiver of this issue." *Kenneth Epperson*, slip op. at 3. We observe, however, that because the resolution of the issue in the defendant's favor would result in a dismissal of the charges rather than the granting of a new trial, the issue need not have been raised in a motion for new trial at all. *See* Tenn. R. App P. 3(e). Additionally, the *Kenneth Epperson* panel, citing *State v. Seagraves*, stated that this court had "previously held that the statute of limitations is not waived by failure to raise an objection by pre-trial motion, nor by failure to include the issue in a motion for new trial." *Kenneth Epperson*, slip op. at 3 (citing *State v. Seagraves*, 837 S.W.2d 615, 621 (Tenn. Crim. App. 1992)). The holding in *Seagraves* was based upon this court's determination that the statute of limitations expressed in Code section 40-2-102 is jurisdictional and that the expiration of the statute of limitations resulted in a failure of subject matter jurisdiction. Our supreme court, however, "expressly rejected the notion that the expiration of the statute of limitations was jurisdictional." *State v. Doane*, 393 S.W.3d 721, 732 (Tenn. Crim. App. 2011) (citing *State v. Pearson*, 858 S.W.2d 879, 887 (Tenn. 1993)). In *Pearson*, the court classified "the statute of limitations [in Code section 40-2-102] as waivable, rather than jurisdictional" and emphasized that such a "waiver [must] be knowingly and voluntarily entered." *Pearson*, 858 S.W.2d at 887. To determine whether a knowing and voluntary waiver of the statute of limitations exists, the court utilized "the same standard applied in determining whether there has been an effective waiver as to fundamental rights." *Id*. The court held that "a waiver of the statute of limitations will not be presumed where there is no evidence in the record to indicate that the defendant was made aware of the issue." *Id.* Here, the record is completely silent with regard to the issue of the statute of limitations until the defendant moved to dismiss in criminal court. Consequently, we will not presume a knowing and voluntary waiver of the statute of limitations in this case.

Although we have concluded that the State failed to timely commence the prosecution in this case, in the interest of future appellate review, we also conclude that the procedure utilized in this case to obtain the affidavit of complaint rendered the affidavit of complaint itself void. We agree with the analysis expressed by the panel in *Felicia Jones* that the signing of the affidavit of complaint "before a notary public rather than a qualified judicial officer did not meet the requirements of [Code] section 40-6-203(a) and Rule 3" and that this defect rendered the affidavit of complaint invalid. *Felicia Jones*, slip op. at 12, 13-17.

Code section 40-6-203(a) provides, in pertinent part, as follows:

(a) Upon information made to any magistrate of the commission of a public offense, the magistrate shall examine, on oath, the affiant or affiants, reduce the examination to writing, and cause the examination to be signed by the person making it.

(b)(1) The examination of the affiant or affiants by the magistrate or lawfully authorized court clerk does not have to take place in a face-to-face meeting of the parties but may be conducted through the use of electronic audio-visual equipment which allows the affiant and the examining official to both view and hear each other simultaneously.

T.C.A. § 40-6-20(a)-(b) (emphasis added). Rule 3 of the Tennessee Rules of Criminal Procedure mandates that an affidavit of complaint "be made on oath before a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination." Tenn. R. Crim. P. 3(b). These provisions clearly contemplate that the affidavit of complaint will be made by the affiant to the magistrate making the probable cause determination at the time of the probable cause determination, either in person or via electronic equipment. These rules are mandatory, and the failure to comply with them invalidates the resulting affidavit of complaint. *See Ferrante*, 269 S.W.3d at 913.

Accordingly, we affirm the judgment of the trial court.


_____
JAMES CURWOOD WITT, JR., JUDGE