IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 17, 2016 Session

**STATE OF TENNESSEE v. JASON GONZALEZ**

**Appeal from the Criminal Court for Sullivan County**
**No. S63992      James F. Godwin, Jr., Judge**

—————————

**No. E2015-01107-CCA-R3-CD – Filed July 21, 2016**

—————————

In this appeal as of right by the State, the State challenges the ruling of the trial court dismissing the case. Because no document in the record qualifies as a valid arrest warrant and no other event occurred to timely commence the prosecution in this case, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Leslie Hale, Assistant District Attorney General, for the appellant, State of Tennessee.

Steven M. Wallace, Blountville, Tennessee, for the appellee, Jason Gonzalez.

**OPINION**

The chain of events giving rise to this appeal began on March 24, 2013, with the defendant's warrantless arrest on charges of driving under the influence ("DUI"), possession of drug paraphernalia, failure to comply with the financial responsibility law, illegal lane change, and improper use of automobile registration papers. The affidavit of complaint document shows that Sullivan County Sheriff's Office Officer J. Barrett stopped the defendant for speeding and failure to maintain his lane of travel. Officer Barrett arrested the defendant following the defendant's poor performance on field sobriety tests. Because the defendant had two prior convictions of DUI, Officer Barrett transported him to Indian Path Hospital for the purpose of having the defendant's blood drawn for blood alcohol and toxicology testing. The blood draw occurred despite

that Officer Barrett failed to obtain a search warrant in advance of the blood draw and that the defendant explicitly refused to consent to the blood draw.[1]

The defendant appeared in court on July 1, 2014, for the purpose of waiving his right to a preliminary hearing. The Sullivan County Grand Jury issued an indictment in this case in September 2014.

On March 24, 2015, the defendant filed a motion to dismiss the charges, arguing that "the initial affidavit of complaint is void from its inception and that the 12 month period to prosecute misdemeanors ran before a preliminary hearing was conducted and the Court found probable cause." Via its May 14, 2015 order, the trial court examined the defendant's claim as well as similar claims in three other cases and concluded in each case that because "the officers in each [case] swore to the affidavit of complaint before a notary public, not a magistrate or neutral and detached court clerk," "there was no properly sworn statement upon which to base a probable cause determination." The court determined that because of this defect "the arrest warrants at issue were never valid." In the defendant's case, the court concluded that "[t]he case was not bound over to the grand jury within the 12 month limitation period" and "that the prosecution was not commenced within the time allowed by the statute of limitations." The trial court dismissed the charges against the defendant.

In this appeal, the State concedes that the officer did not swear the affidavit of complaint before a person capable of making a probable cause determination as required by the Code and the rules of procedure, but it argues that the failure to comply with the statutory and procedural mandates in this case did not render the arrest warrant invalid and that, as a result, the prosecution was timely commenced via a valid arrest warrant. The State also contends that the trial court erred by dismissing the charges because the defendant waived any challenge to the validity of the arrest warrant by failing to challenge it earlier. Finally, the State claims that any defect in the warrant was cured by the defendant's subsequent indictment. The defendant asserts that dismissal was appropriate.

The parties agree that the affidavit of complaint filed in this case was sworn before a notary public on the day of the defendant's arrest and submitted one day later to "a court clerk" for a probable cause determination. The affidavit of complaint establishes

---

[1]     This court recently held that although the Code mandates blood or breath alcohol testing in cases where the accused has previous convictions of DUI, the implied consent statute does dispense with the search warrant requirement where the accused refuses to consent. *See State v. Charles A. Kennedy*, No. M2013–02207–CCA–R9–CD (Tenn. Crim. App., Nashville, Oct. 3, 2014); *see also State v. James Dean Wells*, No. M2013–01145–CCA–R3–CD (Tenn. Crim. App., Nashville, Oct. 6, 2014).

that the affiant, J. Barrett, personally appeared before a person named Cecil R. Mowdy, Jr., on March 24, 2013. Mr. Mowdy affixed to the affidavit a Notary Public seal and then signed on the space provided for "Judge/Clerk/Judicial Commissioner." The thusly-sworn affidavit of complaint was then presented to a clerk authorized to make a probable cause finding on March 25, 2013, and the clerk then signed the document in the section titled "Probable Cause Determination."

The State contends that the clerk's probable cause finding transformed the affidavit of complaint document into an arrest warrant and that the resulting warrant is valid despite that the affiant did not personally appear before the clerk who signed the warrant. The defendant contends that the affiant's failure to personally appear before the clerk renders the document void and that "the warrant was therefore void."

As indicated, the facts of this case are undisputed. Our resolution of the issue presents questions of law and statutory interpretation, which we review de novo, with no presumption of correctness afforded to the ruling of the trial court. *See State v. Ferrante*, 269 S.W.3d 908, 911 (Tenn. 2008).

Under the circumstances presented, it is our view that the record supports the trial court's dismissal of the charges against the defendant because, despite the parties' and the trial court's apparent belief, the affidavit of complaint document, regardless of the validity of the procedure utilized to create it, did not evolve into an arrest warrant and was insufficient to commence the prosecution in this case.

Code section 40-2-104 provides:

> A prosecution is commenced, within the meaning of this chapter, by finding an indictment or presentment, *the issuing of a warrant*, the issuing of a juvenile petition alleging a delinquent act, binding over the offender, by the filing of an information as provided for in chapter 3 of this title, or by making an appearance in person or through counsel in general sessions or any municipal court for the purpose of continuing the matter or any other appearance in either court for any purpose involving the offense. . . .

T.C.A. § 40-2-104 (emphasis added). This section "provides for the commencement of a prosecution by several methods, 'all deemed to provide the defendant with sufficient notice of the crime.'" *Ferrante*, 269 S.W.3d at 914 (quoting *State v. Tait*, 114 S.W.3d 518, 522 (Tenn. 2003)). "'A lawful accusation is an essential jurisdictional element of a

criminal trial, without which there can be no valid prosecution.'" *Ferrante*, 269 S.W.3d at 914 (quoting *State v. Morgan*, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979)).

Code section 40-2-102 provides that "[e]xcept as provided in § 62-18-120(g) and subsection (b) of this section, all prosecutions for misdemeanors shall be commenced within the twelve (12) months after the offense has been committed, except gaming, which shall be commenced within six (6) months." T.C.A. § 40-2-102(a). Our supreme court "has long recognized that, 'prior to formal accusation, [a] defendant's rights are protected by the statute of limitations.'" *Ferrante*, 269 S.W.3d at 914 (quoting *State v. Baker*, 614 S.W.2d 352, 354 (Tenn. 1981)).

The State contends that the affidavit of complaint document filed in this case, despite the procedural flaws conceded by the State, was a valid arrest warrant and that the prosecution commenced with that document.

Code section 40-6-205, however, provides that "[i]f the magistrate is satisfied from the written examination that there is probable cause to believe the offense complained of has been committed and that there is probable cause to believe the defendant has committed it, then the magistrate *shall issue an arrest warrant*." T.C.A. § 40-6-205(a) (emphasis added); *see also* Tenn. R. Crim. P. 4(a) ("If the affidavit of complaint and any supporting affidavits filed with it establish that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the magistrate or clerk *shall issue an arrest warrant to an officer authorized by law to execute it . . . .*" (emphasis added)).[2] These provisions make the issuance of an arrest warrant mandatory when the magistrate finds probable cause.

The Code provides that "[a] warrant of arrest is *an order*, in writing, stating the substance of the complaint, *directed to a proper officer*, signed by a magistrate, and *commanding the arrest of the defendant*." *Id.* § 40-6-201 (emphasis added).[3] Code

---

[2]   Under certain limited circumstances, none of which is applicable here, the magistrate may issue a criminal summons in lieu of an arrest warrant. *See* T.C.A. § 40-6-205(b).

[3]   The Code also contains a form for arrest warrants:

The warrant of arrest may be substantially as follows:

State of Tennessee,

County of _____.

To any lawful officer of the state:  Information on oath having been made to me that the offense of (designating or describing it) has been committed, and accusing C. D. thereof:  You are, therefore, commanded,

section 40-6-208 provides that an arrest warrant must: (1) "specify the name of the defendant," (2) "state the offense either by name, or so that it can be clearly inferred," (3) "show, in some part, the county in which issued, the name and initials of the magistrate in office," and (4) "include a copy of the affidavit of complaint." T.C.A. § 40-6-208. Similarly, Tennessee Rule of Criminal Procedure 4 provides:

> The arrest warrant shall:
>
> (A) be signed by the magistrate or clerk;
>
> (B) contain the name of the defendant or, if this name is unknown, any name or description by which the defendant can be identified with reasonable certainty;
>
> (C) indicate the county in which the warrant is issued;
>
> (D) describe the offense charged in the affidavit of complaint; and
>
> (E) *order* that the defendant be arrested and brought before the nearest appropriate magistrate in the county of arrest.

Tenn. R. Crim. P. 4(c)(1) (emphasis added).

At the bottom of the affidavit of complaint document in this case is a section titled "Probable Cause Determination." Below this heading, the document reads:

> Based on the affidavit of complaint, I find there is probable cause that on the date set forth above in Sullivan County, Tennessee the defendant committed the offense(s) of violation(s) of TCA DUI Multiple Offender 55-10-401[,] Drug Paraphernalia 39-17-425, Financial Responsibility Law 55-12-139[,] Lane Change 55-8-123[,] Improper use of reg [sic] papers 55-5-415[.]

Underneath this paragraph are three "choices":

---

in the name of the state, forthwith to arrest C. D., and bring C. D. before me, or some other magistrate of the county, to answer the charge. E. F., Magistrate for _____ County.

*Id.* § 40-6-207.

-5-

( ) defendant given citation or arrested without warrant
( ) arrest warrant shall issue
( ) criminal summons shall issue.[4]

In this case, the alternative for "defendant given citation or arrested without warrant" has been checked and the word "arrested" has been circled.

Although the affidavit of complaint document contains a "probable cause determination," nothing in the document suggests that it is "an order" that "is directed to a proper officer" and, perhaps most importantly, the document does not "command[] the arrest of the defendant." T.C.A. § 40-6-201. As this court explained in *State v. McCloud*, "[a]n affidavit of complaint, in contrast to an arrest warrant, is merely 'a statement alleging that a person has committed an offense,' and is not, standing alone, sufficient to provide formal notice of the offense charged." *State v. McCloud*, 310 S.W.3d 851, 860 (Tenn. Crim. App. 2009) (quoting Tenn. R. Crim. P. 3 and citing *State v. Richard Gastineau*, No. W2004–02428–CCA–R3–CD, slip op. at 4 (Tenn. Crim. App., Jackson, Dec. 14, 2005)). This is true "[b]ecause an arrest warrant may or may not issue upon the affidavit of complaint." *McCloud*, 310 S.W.3d at 860. In consequence, "the 'affidavit of complaint will not necessarily provide a defendant with notice that he is being charged with an offense, and an affidavit of complaint, with nothing more to provide a defendant with notice, is not a charging instrument.'" *Id.* (citation omitted).

The affidavit of complaint document in this case contemplates further action because the document provides choices allowing for the issuance of either an arrest warrant or criminal summons. Additionally, the fact that the document provides a choice for the issuance of an arrest warrant clearly suggests that the document is not itself an arrest warrant. Our supreme court has emphasized that the issuing of an arrest warrant is necessary even where, as here, "the defendant has already been taken into custody," because "the purpose of the warrant is to serve as the charging instrument." *Ferrante*, 269 S.W.3d at 913; *cf. State v. Frasier*, 914 S.W.2d 467, 469 (Tenn. 1996) (holding that the Sixth Amendment right to counsel attaches at the time of a "'formal charge, which we construe to be an arrest warrant, or at the time of the preliminary hearing in those rare cases where a preliminary hearing is not preceded by an arrest warrant, or by indictment or presentment when the charge is initiated by the grand jury.'" (quoting *State v. Mitchell*, 593 S.W.2d 280, 286 (Tenn. 1980)).

At oral argument, the State argued that the absence of a command to arrest does not prevent the affidavit of complaint document from functioning as an arrest

---

[4]    The three alternatives appear on a single line in the document.

warrant in this case, pointing to the Advisory Commission Comment to Rule 4 that states that "[t]he command to arrest is obviously surplusage where the warrant is directed against one already in custody." Tenn. R. App. P. 4, Advisory Comm'n Cmt. Importantly, immediately following this language, the comment provides, "but a warrant in such cases still serves as the official charging instrument, issued after a judicial finding of probable cause, and gives notice of the charge which must be answered." *Id.* Additionally, the same comment emphasizes the importance of using a single form for an arrest warrant, explaining,

> The form of the arrest warrant, as set out in Rule 4(c)(1), makes no distinction between warrants issued for persons not yet arrested and those warrants issued for persons already arrested without a warrant. Such a warrant serves a dual function: first, as the authority for an arrest (where an arrest has not already been lawfully made) and, secondly, as a statement of the charge which the accused is called upon to answer.

*Id.* Both Code section 40-6-201 and Tennessee Rule of Criminal Procedure 4 clearly require that an arrest warrant include a command to arrest, a requirement that could not be overcome by any comment provided by the Advisory Commission.

Additionally, we cannot agree with the State that the defendant's appearance in court "as early as arraignment on March 28, 2013," commenced the prosecution in this case because the "warrant gave notice." First, no evidence in the record indicates that the defendant did, in fact, make any court appearance prior to July 1, 2014, when he appeared for purposes of waiving his right to a preliminary hearing. The affidavit of complaint states a court date of March 28, 2013, but nothing in the record establishes that the defendant actually appeared on that date. Second, as our supreme court explained in *Ferrante*, "a defendant's court appearance may serve to commence a prosecution under section 40-2-104 so as to toll the statute of limitations only where that appearance is made in response to an offense that has been charged" via a valid charging instrument. *Ferrante*, 269 S.W.3d at 914. Thus, even if the defendant had appeared in court prior to the bind over determination on July 1, 2014, that appearance would not have commenced the prosecution in this case because no valid charging instrument existed at that time.

As indicated, Code section 40-2-102 demands that a prosecution for a misdemeanor offense commence "within the twelve (12) months after the offense has been committed," T.C.A. § 40-2-102(a), and Code section 40-2-104 provides an exclusive and exhaustive list of the methods by which a prosecution may be commenced,

*see* T.C.A. § 40-2-104; *see also State v. Burdick*, 395 S.W.3d 120, 124 (Tenn. 2012); *Tait*, 114 S.W.3d at 522. In this case, no action triggering the commencement of the prosecution, other than the filing of the document at issue, occurred until more than one year after the defendant's arrest. *See Ferrante*, 269 S.W.3d at 912 ("It appears that the State attempted to commence its prosecution in this case by issuing the affidavit of complaint, as the record contains no other document issued at or around the time of the Defendant's arrest."). Because the affidavit of complaint document was not a valid arrest warrant, it was insufficient to commence the prosecution in this case. In consequence, the prosecution in this case was not commenced before the expiration of the statute of limitations.

The State contends that the defendant waived any challenge to the timeliness of the prosecution in this case by failing to raise the issue in the general sessions court. Our supreme court, has "expressly rejected the notion that the expiration of the statute of limitations was jurisdictional." *State v. Doane*, 393 S.W.3d 721, 732 (Tenn. Crim. App. 2011) (citing *State v. Pearson*, 858 S.W.2d 879, 887 (Tenn. 1993)). In *Pearson,* the court classified "the statute of limitations [in Code section 40-2-102] as waivable, rather than jurisdictional" and emphasized that such a "waiver [must] be knowingly and voluntarily entered." *Pearson*, 858 S.W.2d at 887. To determine whether a knowing and voluntary waiver of the statute of limitations exists, the court utilized "the same standard applied in determining whether there has been an effective waiver as to fundamental rights." *Id.* The court held that "a waiver of the statute of limitations will not be presumed where there is no evidence in the record to indicate that the defendant was made aware of the issue." *Id.* Here, the record is completely silent with regard to the issue of the statute of limitations until the defendant moved to dismiss in criminal court. Consequently, we will not presume a knowing and voluntary waiver of the statute of limitations in this case.

Although we have concluded that the State failed to timely commence the prosecution in this case, in the interest of future appellate review, we also conclude that the procedure utilized in this case to obtain the affidavit of complaint rendered the affidavit of complaint itself void. We agree with the analysis expressed by the panel in *Felicia Jones* that the signing of the affidavit of complaint "before a notary public rather than a qualified judicial officer did not meet the requirements of [Code] section 40-6-203(a) and Rule 3" and that this defect rendered the affidavit of complaint invalid. *Felicia Jones*, slip op. at 12, 13-17.

Code section 40-6-203(a) provides, in pertinent part, as follows:

(a) Upon information made to any magistrate of the commission of a public offense, the magistrate shall examine,

on oath, the affiant or affiants, reduce the examination to writing, and cause the examination to be signed by the person making it.

(b)(1) The examination of the affiant or affiants by the magistrate or lawfully authorized court clerk does not have to take place in a face-to-face meeting of the parties but may be conducted through the use of electronic audio-visual equipment which allows the affiant and the examining official to both view and hear each other simultaneously.

T.C.A. § 40-6-20(a)-(b) (emphasis added). Rule 3 of the Tennessee Rules of Criminal Procedure mandates that an affidavit of complaint "be made on oath before a magistrate or a neutral and detached court clerk authorized by Rule 4 to make a probable cause determination." Tenn. R. Crim. P. 3(b). These provisions clearly contemplate that the affidavit of complaint will be made by the affiant to the magistrate making the probable cause determination at the time of the probable cause determination, either in person or via electronic equipment. These rules are mandatory, and the failure to comply with them invalidates the resulting affidavit of complaint. *See Ferrante*, 269 S.W.3d at 913.

For this reason, contrary to the State's assertion otherwise, the September 2014 indictment could not have cured any "defect in the warrant" in this case. First, as we have indicated, the affidavit of complaint document is not a warrant. Consequently, no charging instrument existed to be "cured" by the subsequent indictment. Second, the issue in this case is not the sufficiency of the probable cause finding, which insufficiency could have been cured by the subsequent indictment had the prosecution been timely commenced via a valid arrest warrant. *See Jones v. State*, 332 S.W.2d 662, 667 (Tenn. 1960) (holding "that all questions as to the sufficiency of the warrant are foreclosed by the finding of an indictment, because under T.C.A. §§ 40-1605 to 40-1625 grand juries in this State are given inquisitorial powers over all indictable or presentable offenses committed or triable within the county").

Additionally, we are unmoved by the State's plea that "[t]he holding in *Ferrante*" and, by extension this case, "enables the accused to lie in wait on a defective charging instrument until the statute of limitations expires." At the earliest stages of a criminal prosecution, the State holds all the cards. The State chooses who will be arrested, chooses which charges will be levied, and chooses the method of commencing the prosecution. We do not believe we impose an onerous burden by forcing the State to comply with mandatory statutory and procedural requirements in the exercise of those discretionary choices.

-9-

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE